| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Agop Gary Arakelian #186467<br>gary.arakelian@kts-law.com<br>KIMBALL, TIREY & ST. JOHN,LLP<br>915 Wilshire Blvd., Ste. #1650<br>Los Angeles, CA 90071<br>Tel: 213-337-0050<br>Fax: 213-337-0080 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Travis Davon Holifield | CASE NO.: 2:24-bk-14530-DS<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 07/09/2024<br>TIME: 1:00 pm<br>COURTROOM: 1639 |
| **Movant:** 4th and 5th Main, LLC | |

1. **Hearing Location:**
   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          F 4001-1.RFS.UD.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 6-12-2024

KIMBALL, TIREY & ST. JOHN, LLP
Printed name of law firm (if applicable)

Agop Gary Arakelian, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

   a. ☒  Owner of the Property
   b. ☐  Authorized Agent of the owner of the Property
   c. ☐  Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential  ☐ Nonresidential

   *Street Address:* 334 S. Main Street
   *Unit/Suite Number:* #9605
   *City, State, Zip Code:* Los Angeles, CA 90013

3. **Bankruptcy Case History:**

   a. ☒  A voluntary  ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*): 06/07/2024

   b. ☐  An order to convert this case to chapter   7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*):

   c. ☐  A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☒  Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving
      residential property in which the Debtor resides and:

      (1) ☐  The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
         due during the 30-day period after the filing of the petition.

      (3) ☐  The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification
         required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has
         been cured.

      (4) ☐  Movant filed and served an objection to the Debtor's certification.  A copy of the objection is attached as
         Exhibit _____.  A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay:** (*check all that apply*)

   a. ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had
      no right to continued occupancy of the premises, as follows:

      (1) ☒  Movant caused a notice to quit to be served on the Debtor.

      (2) ☒  An unlawful detainer proceeding was commenced on (*date*)  12/29/2023

      (3) ☐  An unlawful detainer judgment was entered on (*date*) _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                                    **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☒ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*)

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          F 4001-1.RFS.UD.MOTION

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.   The UNLAWFUL DETAINER DECLARATION on page 7.

    b.   ☐ Supplemental declaration(s).

    c.   ☐ Other (*specify*):

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   without further notice.
   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   without further notice.
   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☐ Establishment of a deadline for assumption or rejection of the lease.

    b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 6-12-2024

Kimball, Tirey & St. John, LLP
_____
Print name of law firm (*if applicable*)

Agop Gary Arakelian, Esq.
_____
Print name of individual Movant or attorney for Movant (*if applicable*)

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## UNLAWFUL DETAINER DECLARATION

I, (name of declarant) _Diana Aguiar_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (specify):

   a. ☐ I am the Movant and owner of the Property.

   b. ☒ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (title and capacity):

   d. ☐ Other (specify):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address:* 334 S. Main Street
   *Unit/Suite Number:* #9605
   *City, State, Zip Code:* Los Angeles, CA 90013

4. Movant is the  ☒ legal owner of the Property, or  ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _A___. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (date): _____.

   (4) ☒ other (specify): 12 months Lease

6. The Debtor failed to pay:

   a. ☒ The monthly rent of $ 3,150.00_____ beginning on (date): _10/01/2023_.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) __11/22/2023__, and a true and correct copy is attached as Exhibit __B__.

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) __12/29/2023__, and a true and correct copy is attached as Exhibit __C__.

    (2) ☒ Trial was held on (*date*) __06/07/2024__.

    (3) ☒ Trial was continued to (*date*) __07/26/2024__.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 8                    **F 4001-1.RFS.UD.MOTION**

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☒ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other (specify):

10. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (specify):

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:
(1) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was    was not   granted.

(2) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property    was   ☐ was not   granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                          F 4001-1.RFS.UD.MOTION

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed: _____

    Relief from stay regarding the Property    was'  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06-13-24 | Diana Aguiar | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10                    F 4001-1.RFS.UD.MOTION

# EXHIBIT A



## CA LEASE CONTRACT
CERTIFIED LEASE | CALIFORNIA

### PARTIES AND LEASED PREMISES

| Owner | Address | Phone |
|---|---|---|
| 4th and Main, LLC. | 334 S. Main St #9109 Los Angeles, CA 90013 | (213) 621-2031 |

| Agent | Address | Phone |
|---|---|---|
| 4th and Main, LLC. | 334 S. Main St #9109, Los Angeles CA 90013 | (213) 621-2031 |

Residential Community
4th and Main

| Street Address | City | State | ZIP |
|---|---|---|---|
| 334 S. Main Street | Los Angeles | California | 90013 |

| Residents: | Leased Premises |
|---|---|
| Travis D. Holifield | 9605 |

| Street Address | City | State | ZIP |
|---|---|---|---|
| 334 S. Main Street | Los Angeles | California | 90013 |

### LEASE TERM

| Type | Length | Move-In Date | Start Date | End Date | Date Signed |
|---|---|---|---|---|---|
| ☒ Move-In ☐ Renewal | 12 months | 01/06/2023 | 01/06/2023 | 12/31/2023 | |

### RENT

| Payable To | Address | Phone |
|---|---|---|
| 4th and Main, LLC | 334 S. Main Street #9109, Los Angeles, CA  90013 | (213) 621-2031 |

| Usual Days and Hours When Rent May be Personally Paid | Due On | Late On | Fax |
|---|---|---|---|
| M-F 9:00 am to 5:00 pm | 1st | 4th | (213) 621-2035 |

### CHARGES

| | | | | | |
|---|---|---|---|---|---|
| Utilities (Late Setup) | $0.00 | Failure to Clean Animal Waste Charge | $25.00 | Flea Spraying Charge | $35.00 |
| Lease Buy-Out | $6,300.00 | Key Replacement Charge | $5.00 | Late Payment | $315.00 |
| Late Payment of Utilities Charge | $25.00 | Dishonored Payment | $25.00 | Smoke/CO Alarm Tampering Charge | $25.00 |
| Failure to Clean Garbage Charge | $25.00 | Window Screen Replacement | $25.00 | | |

### CONCESSIONS*

| | |
|---|---|
| Concession #1: One-Time, Applied January, 2023 - First Two Weeks Free | $1,575.00 |

*All concessions are subject to the terms and conditions of the Residential Lease Contract.

### TOTAL MOVE-IN COSTS

| | | | | | |
|---|---|---|---|---|---|
| Total Monthly Payment & Prorated Rent and Monthly Charges | $0.00 $2,642.00 | Total Deposits | $600.00 | Total One-Time Fees | $0.00 |
| ONE-TIME CONCESSIONS | | | | | ($1,575.00) |
| HOLDING DEPOSIT PAID ON 01/01/2023 | | | | | ($250.00) |
| TOTAL DUE ON OR BEFORE MOVE-IN | | | | | $1,670.00 |

| MONTHLY PAYMENTS | | DEPOSITS | | ONE-TIME FEES | |
|---|---|---|---|---|---|
| Base Rent | $3,150.00 | Security Deposit | $600.00 | Application Fee(s) | $0.00 |
| Code Enforcement Fee | $3.61 | TOTAL REFUNDABLE SECURITY DEPOSITS | $600.00 | | |
| TOTAL MONTHLY PAYMENT | $3,153.61 | | | TOTAL ONE-TIME FEES | $0.00 |

THIS RESIDENTIAL LEASE CONTRACT (this "Agreement") is made and entered into as of the **6th** day of **January, 2023.**

Initial: _TH_                                    1

by and between Owner of Residential Community ("Owner") and **Travis D. Holifield**, jointly and severally (hereinafter collectively "Residents"). Owner hereby leases to Residents the premises at 334 S. Main Street #9605, Los Angeles, CA 90013 (the "Leased Premises"), located within **4th and Main,LLC.** (the "Residential Community"), for use exclusively as a private residence, and not for any other purpose, except as specifically mandated by applicable law. The Leased Premises may also include the right to rent additional features such as parking spaces, storage and garage spaces, which, if applicable, will be designated and included in a separate written agreement. Residents' performance of their obligations contained in this Agreement may be guaranteed by a third party. Any third-party guarantee agreements will be included with and attached to this Agreement, but such third party will not have a right to possession of the Leased Premises. Owner's representatives, agents, affiliates, successors, assigns, employees, officers, and directors ("Owner's Related Parties") are hereby incorporated by reference to benefit from any and all waivers, releases, and limitations of liability made by Residents hereunder, but are not personally responsible for any of Owner's obligations under this Agreement. The following person or entity ("Agent") is authorized to collect rents, manage, and maintain the Leased Premises and is authorized to act on behalf of Owner for the purpose of receiving service of process, notices, and demands: 4th and Main, 334 S Main St #9109, Los Angeles, CA 90013, (213) 621-2031

1.   **OCCUPANCY OF THE LEASED PREMISES.**   The Leased Premises may be occupied solely by Residents. No other persons have permission to occupy the Leased Premises unless such permission is in writing and signed by Owner or its authorized agent. Owner's acceptance of rent from any other individual shall be deemed to be the payment of rent on behalf of the Residents names above and shall not constitute permission for the person making the payment to occupy the Leased Premises. Should any person not named above make any claim to right of possession of the Leased Premises, any such person shall be deemed to be the guest or invitee of the named Residents and their claim to right of possession shall be denied. Any person named above in this Section who is not also named above as a Resident and/or who is not a signatory to this Agreement shall be deemed to be invitees of the named Residents, who are signatories to this Agreement. Accordingly, if any such individual is not named in any unlawful detainer action to regain possession of the Leased Premises, and if any such individual thereafter makes a claim to right of possession of the Leased Premises, that claim shall be denied on the basis that said individual is the invitee of the named Residents and does not have an independent claim to right of possession of the Leased Premises. It is a material breach of this Agreement if any person other than Residents or Occupants occupies the Leased Premises for more than six (6) consecutive days or **fourteen**

(14) total days in any twelve (12) month period, and shall entitle Owner to serve Residents with a notice terminating the tenancy, in addition to any other remedies Owner may have.

All changes in occupancy require Owner's prior written consent. If Owner consents to an occupancy change during the term of this Agreement, a new Residential Lease Contract or an amendment to this Agreement must be executed. To the greatest extent allowed by law, any assignment or subletting without Owner's prior written consent shall be void and shall, at Owner's sole discretion, terminate this Agreement.

2.   **TERM.** This Agreement shall be for a fixed lease term of 12 Months. The initial term ("Initial Term") of this Agreement shall begin on January 6, 2023 and end at 11:59pm on December 31, 2023. Thereafter, this Agreement will automatically renew for successive month to month terms unless either party provides written notice that it will not renew at least thirty (30) days prior to the expiration of the Initial Term. After the first year of occupancy, Owner shall give Residents at least sixty (60) days prior written notice of termination.

Any holding over by Residents at the expiration of the lease term with the consent of Owner shall create a month-to-month tenancy on the same terms and conditions set Civil Code Section 827 and terminable by either party upon proper written notice, in accordance with the provisions of California Civil Code Section 1946 unless otherwise prescribed by a local ordinance or other applicable law.

2.1.   **Move-Out Notices and Procedures.**   Prior to moving out, Residents are required to provide Owner with advance written notice of at least thirty (30) days. The move out notice must comply with all applicable notice provisions of this Agreement and provide Residents' move out date. Residents must obtain written acknowledgment from Owner of receipt of Residents' move out notice. If Owner terminates this Agreement, Owner will provide Residents the same notice unless Residents have breached the terms of this Agreement or a different notice period is required by law. Verbal move out notice is not an acceptable form of termination. The move out date provided for in the notice cannot be changed without additional written agreement signed by both parties. Each Resident must provide Owner with their forwarding address in writing. A move out notice does not release Residents from liability under the full term or any renewal terms of this Agreement except where Resident moves out pursuant to a Military Personnel Release or if Owner and Resident agree to such release in a written amendment signed by both parties. Residents may not withhold any portion or last month's rent under the assumption that the security deposit will cover rent due.

3.   **SECURITY DEPOSIT.**   Residents have deposited with Owner the sum of $600.00, the receipt of which is hereby acknowledged as a security deposit and which sum shall not exceed the maximum permitted by California Civil Code Section 1950.5. This sum shall be applied and accounted for in accordance with the provisions of California Civil Code Section 1950.5 and any other applicable statutes. The retention of the security deposit shall not limit Owner's right to

Initial: *TH*                                                      2

proceed against Residents for claims above the amount of the security deposit. Owner shall not be obligated to pay Residents interest in connection with such security deposit, unless specifically required by applicable law.

It is understood that the security deposit is applicable to all Residents jointly, and Owner does not account for it until the passing of the permissible statutory period after all Residents have vacated the Leased Premises. Any refund due may be made payable jointly to all Residents and it shall be the responsibility of all Residents to work out between themselves the manner of dividing said security deposit. If Owner chooses to make the refund to any one of Residents individually (which need not be done until the statutory time has elapsed after all Residents have vacated the Leased Premises), in legal contemplation the payment shall be deemed to have been made to all Residents and Owner shall have no liability to any one or group of Residents for failure of any Resident to divide such refund equitably.

If the security deposit is later increased by agreement of the Parties for any reason (such as the installation of a satellite dish, a waterbed or relating to a pet), the additional security deposit will be disbursed by Owner in accordance with this section at the end of the statutory period following the end of Residents' tenancy. Removal of the pet, satellite dish or waterbed, or whatever caused the increase in the deposit, will not be grounds for early disbursement of the security deposit.

4.    **RENT.**    Residents agree to pay to Owner, as rent for the Leased Premises, the sum of <u>$3,153.61</u> per month. If Residents' tenancy initially commences after the <u>20th</u> day of the month, Residents agree to pay <u>$1,670.00</u>, due <u>January 6, 2023</u>, as prorated rent for the first partial month and rent for the next full month. Except as otherwise provided, rent shall be paid in full and received in advance, with no grace period and without demand, on or before the 1st day of each month ("Due Date") in the form of **Personal Check Cashier's Check Money Order.** Rent and all other sums due to Owner will be payable to <u>4th and Main, LLC, 334 S. Main Street Suite 9109, Los Angeles, CA 90013, (213) 621-2031.</u> The usual days and hours when payments may be made personally are: <u>M-F 9:00 am to 5:00 pm, 334 S. Main Street, Los Angeles, CA 90013.</u> Payments made will not be held at the request of anyone - all payments made will be directly deposited. It is Residents' responsibility to be certain that each payment is actually received by Owner on or before its due date. Use of a rental payment drop box, if one is provided by Owner, is for Residents' convenience – the risk of receipt of funds by Owner when such box is used is Residents' risk, and not Owner's risk.

If in any month, rent is not paid before the 4th day of the month, payment must be in the form of **certified check or money order.** If Owner serves Residents with a notice to pay rent or surrender possession, which Owner may do on any date after the Due Date, any payment tendered following service of said notice must be in the form of **certified check or money order.**

If Residents make any payment by check, it may be converted into an electronic funds transfer (EFT). This means Owner will copy the check and use the account information on it to electronically debit Residents' account for the amount of the check. The debit from Residents' account will usually occur within twenty-four (24) hours, and may occur as early as the same day as Owner receives payment. The debit will be shown on Residents' regular account statement. Residents will not receive the original check back. Owner will destroy your original check, but will keep a copy of it to the extent required by applicable laws. If the EFT cannot be processed for technical reasons, Residents authorize Owner to process the copy in place of the original check. If the EFT cannot be completed because of insufficient funds, Owner may require payment in certified funds.

4.1.  **First Payment.**    If Residents fail to pay the first month's rent on or before the date this Agreement begins, Owner may terminate this Agreement and recover damages including, but not limited to, future rents (less any mitigation) and other lawful charges. The first payment of rent must be payable in the form of **certified check or money order** only.

4.2.  **Concessions.**    Residents agree that the concessions specified in this Agreement are given to Residents as an incentive for executing a lease for the term indicated, which term was at the option of Residents, and with the understanding that Residents will fulfill all obligations under this Agreement for the full lease term. If Residents fail to pay rent before the 4th day of the month, in any month, during the Initial Term or any renewal period, in addition to all other remedies authorized by state law or this Agreement, Residents shall not be entitled to the prorated portion of concessions attributed to that month. Furthermore, Residents shall owe the full amount of rent as stated in this Agreement, as if no concessions were given for that month, plus any applicable late payment charges as a result of Residents being delinquent. In the event Residents are asked to vacate the Leased Premises, evicted or move out prior to the expiration date of the Initial Term or any renewal period, Residents shall reimburse Owner, upon demand, the full amount of concessions. Residents must also pay all other rent, charges, or sums due to Owner as a result of Residents' failure to comply with the terms and conditions of this Agreement. Residents acknowledge that concessions constitute a discount of rent only and not a discount of any other charges or sums which Residents may be required to pay under the terms and conditions of this Agreement.

5.    **LATE PAYMENTS AND FEES.**    Owner and Residents agree that it is and will be impracticable and extremely difficult to fix the actual damages suffered by Owner in the event Residents make a late payment of rent, or when Residents make a payment that is subsequently dishonored by the bank, but the Parties agree that Owner does, in the event of late

---

payment or in the event of a dishonored check, incur certain costs, such as additional bookkeeping and administrative charges, bank charges, lost opportunity costs of the late payment. After making a reasonable endeavor to estimate accurately the approximate costs associated with such a breach, the Parties agree that the below charges represent a reasonable approximation of the damages Owner is likely to suffer from a late or dishonored payment. Owner and Residents further agree that this provision does not establish a grace period of the payment of rent, and that Owner may give Residents a written notice to pay or quit the Leased Premises in accordance with State law at any time after the payment is due. Owner shall have all remedies under the law and this Agreement in the event Resident fails to timely pay the rent or other amounts owed. At Owner's sole discretion, Owner may report any delinquent rent or other amounts owed to a credit reporting agency.

**5.1. Late Payments.** If Residents have not paid the full rent payment before the **4th** day of the month, Residents shall pay a sum of **$315.00**, as stipulated liquidated damages for the amount of damages Owner will be forced to endure in the event of rent being paid late.

**5.2. Dishonored Payments.** Residents shall pay Owner a sum of **$25.00** for any returned payment, as stipulated liquidated damages, as both Residents and Owner hereby agree that the amount of damages Owner will be forced to endure in the event of such returned payments. In the event of a dishonored payment, Residents may, at Owner's option, be required to pay the rent and applicable late charges by **certified check or money order**. If **two (2)** or more payments submitted by Residents are, for any reason whatsoever, dishonored by the financial institution upon which it is drawn in any **twelve (12)** month period, Residents shall be required to pay all future rent and other charges by **certified check or money order** plus any and all costs required in the collection of said payments.

6.  **PAYMENTS.** Owner is not obligated to accept partial payments of rent or other charges after the expiration of a Notice to Pay Rent or Quit or Notice to Perform Covenant or Quit. Except for rent, all charges are due immediately and to be paid upon Owner's demand. To the extent allowed by law, Owner may first apply payments received to any unpaid amounts other than rent, and/or Owner may apply payments received to the oldest amounts due from Resident before applying any payments to current amounts due, all irrespective of any written or verbal requests by Residents or when the charges may have accrued. To the extent that payments are made by Residents that Owner first applies to prior to Residents' prior amounts due, and the payments are not in amount to also cover Residents' current amounts due, Residents are advised and acknowledge that such a shortfall in the amounts paid can be subject to the provisions regarding late payments as specified above.

    **6.1. Third-Party Payments.** Owner or Owner's agent is not required to accept the rent payment tendered by a third party unless the third party has provided to Owner or Owner's agent a signed acknowledgment stating that they are not currently a resident of the Leased Premises for which the rent payment is being made and that acceptance of the rent payment does not create a new tenancy with the third party. Failure by a third party to provide the signed acknowledgment to Owner or Owner's agent shall void the obligation of Owner or Owner's agent to accept Residents' rent tendered by a third party. Owner may provide a form acknowledgment to be used by third parties for such payments and Owner will accept an acknowledgment which is substantially similar to the acknowledgment provided for by California Civil Code Section 1947.3. Owner or Owner's agent may require a signed acknowledgment for each rent payment made by the third party.

7.  **COMPLIANCE WITH RULES, LAWS, AND REGULATIONS.** Residents acknowledge receipt of a copy of the Community Policies (the "Rules"), which are incorporated into and made a part of this Agreement. Residents agree to abide by said Rules in all respects. Owner may make reasonable changes to the Rules with a thirty (30) day notice, and Residents agree to abide by such changes if they are distributed and applicable to the Residential Community and do not change the rent. Owner and Residents agree that failure to comply with the Rules shall be deemed a material breach of this Agreement.

    Residents further agree to comply with all signs posted by Owner in and around the common areas of the Residential Community including, but not limited to, parking areas and amenity areas. Owner may revoke the privilege of using any amenity by any Resident, household member, guest or invitee at the Residential Community if such persons fail to abide by posted signs or Rules relating to the amenity area and Residents shall not be entitled to any rent reduction or offset if the loss of amenity privileges is the result of the conduct of Residents, Occupants, or of Residents' household members, guests, or invitees.

    Residents shall not put the Leased Premises, or any common areas associated therewith to any use that violates local zoning ordinances or any other law applicable to and about the Leased Premises. Residents agree to reimburse and indemnify Owner for all fines or other penalties incurred by Owner as a result of the violation of any statute, ordinance, regulation or other governmental restriction by Residents or any members of their household, occupants, guests, licensees or invitees.

    **7.1. Conduct of Residents.** Residents agree not to harass, assault, annoy, victimize, or endanger any other resident or person, or create or maintain a nuisance, or disturb the peace or solitude of any other resident, or commit

waste in or about the Leased Premises. Residents are responsible for the conduct of any members of their household, occupants, guests, licensees or invitees while they are at the Residential Community. Residents further agree not to harass, verbally abuse, assault, denigrate or otherwise disrespect Owner, Owner's employees, agents and/or contractors or interfere with their lawful access to the Lease Premises and related common areas, or otherwise interfere with Owner's business operations. Owner and Residents agree that failure to abide by this policy can constitute a breach of this Agreement and may result in its termination.

Certain acts are considered to be contrary to the safety, well-being, peace, and enjoyment of the other residents of the Residential Community, and therefore, Owner and Residents agree will be considered a breach of this Agreement. These include, but are not limited to: 1) violations of this Agreement, the Rules, or fire, safety, health, or criminal laws and regulations and 2) Residents or any members of their household is convicted for an offense involving actual or potential physical harm to a person or property, or involving possession, manufacture, or delivery of a controlled substance, or drug paraphernalia, including a misdemeanor, occurring at the Residential Community.

8.    **MULTIPLE RESIDENTS OR OCCUPANTS.**    Owner and Residents agree that Residents will be in material breach of this Agreement if any Resident, Occupant, or guest (whether invited or uninvited) violate any of the terms of this Agreement or the Rules. Residents are jointly and severally liable for all obligations arising under this Agreement whether or not they remain in actual possession of the Leased Premises. Notices or demands from Owner that are served upon any Resident, Occupant or guest are deemed validly served upon all Residents. Each Resident agrees and is deemed to be an agent for service of process for all other Residents in eviction proceedings. Security deposit deduction itemizations may be sent to one Resident and shall constitute notice to all Residents. Owner may satisfy the duty to refund the security deposit by sending a security deposit accounting and/or the total amount owed to one Resident.

    **8.1.  Replacements and Subletting.**    Without the prior written approval of Owner, replacing Residents or subletting the Leased Premises is strictly prohibited. A replacement of Residents or sublease will be subject to Owner's policies and rental criteria, reimbursement of Owner's expenses in connection with the replacement or sublease, and final approval by Owner of Residents' replacement or sublessee. Residents who are replaced or sublet the Leased Premises will continue to be liable for all of Residents' obligations of this Agreement unless specifically released by Owner. Replaced Residents and Sublessors relinquish their rights to a refund of the security deposit, and their right to possess or otherwise occupy the Leased Premises. Any attempt to replace any Residents or sublet the Leased Premises without Owner's prior written consent will be void. Residents shall not assign this Agreement.

    **8.2.  Assignment by Owner.**    Owner may transfer or encumber Owner's interest in the Residential Community or the Leased Premises at any time during this tenancy. After Owner transfers their interest to the transferee, Residents must look solely to Owner's transferee for performance of Owner's obligations relating to the period after the transfer, including the accounting and/or return of any security deposit. Residents' obligations under this Agreement will not be affected by any transfer of Owner's interest in the Residential Community or the Leased Premises. Residents' rights in the Leased Premises are subject to and subordinate to any existing or future recorded deed of trust, easement, lien or encumbrance. If a lender forecloses on the Residential Community, Residents agree to recognize the purchaser as the owner under this Agreement if Residents are requested to do so.

    **8.3.  Short Term Rentals.**    Residents are prohibited from engaging in short term rental activity or offering all or part of the Leased Premises for short-term rental, such as through AirBNB, VRBO, or other such sites. Engaging in short-term rental activity includes advertising and any and all other activities involved in locating short-term renters and/or disseminating information of, and regarding, the possible availability of the Residential Community or Leased Premises for any dwelling unit for rental by short-term or transient occupants on sites such as Expedia Priceline, hotels.com, booking.com, AirBNB or other similar locator websites, or web-based, electronic media, or private websites for individuals or companies. Any person who is not a Resident or a member of Residents' household, who occupies any portion of the Leased Premises, for any period of time whatsoever, for any compensation or consideration whatsoever (including, without limitation, the payment of money and/or barter of other goods, services, or property occupancy rights) is not an Occupant or guest. This constitutes attempted subletting or assignment under this Agreement.

9.    **USE OF LEASED PREMISES AND COMMON AREAS.**    Residents shall not do or permit anything to be done in or about the Leased Premises that will in any way obstruct or interfere with the rights of other tenants or occupants of the building or injure or annoy them or use or allow the Leased Premises to be used for any improper, unlawful, or objectionable purpose. Further, Residents shall not cause, maintain, or permit any nuisance in, on, or about the Leased Premises, or commit any waste in or on the Leased Premises, and shall promptly notify Owner in writing of any defective or potentially defective conditions, in the Leased Premises, or in the Residential Community. Residents shall not store or leave about any unattended personal property in any common area associated with the Leased Premises at any time without the express written consent of Owner or Owner's authorized agents. Residents agree to not do anything directly or indirectly in or about the Leased Premises that would otherwise cause any of Owner's insurance premiums to increase or insurance policies to be canceled. Nothing set forth herein shall be deemed as disallowing any use of the Leased Premises that cannot legally be prohibited.

Initial: _TH_    5

Residents further agree to the following: 1) Residents must keep the Leased Premises and areas reserved for private use clean and sanitary; 2) trash must be disposed of at least weekly in appropriate receptacles; 3) passageways may be used only for entry or exit; 4) amenity areas must be used with care in accordance with the Rules and posted signs; 5) glass is prohibited in all common areas; 6) conducting business of any kind in the Leased Premises or the Residential Community is prohibited without Owner's prior written consent--other than a personal home office conducted at home by computer, mail, or telephone is permissible if customers, clients, patients, or other business associates do not come to the Leased Premises for business purposes if allowed by law; 7) Owner may exclude from the Residential Community guests or others, who in Owner's judgment, have been violating the law, violating this Agreement or any Rules, which includes anyone who is disturbing other residents, neighbors, visitors, or Owner's representatives; and 8) Owner may also exclude from any outside area or common area anyone who refuses to show identification or identify themselves as a guest, occupant or Resident in the Residential Community. Owner and Residents agree that any violation of these provisions shall be deemed a material breach of this Agreement and shall entitle Owner to serve Residents with notice to cure said breach and/or terminating the tenancy depending upon the severity of said breach.

10. **LEASED PREMISES AND FURNISHINGS.**    Residents acknowledge that, prior to taking possession, Residents have been given the opportunity to inspect, and have inspected, the Leased Premises. Residents acknowledge that the Leased Premises are in a clean and good condition including painted surfaces, carpets, flooring, all furniture, furnishings, fixtures, equipment and appliances. It shall be conclusively presumed that said Leased Premises and all items, appliances and fixtures contained therein are in good working condition, unless Residents deliver a contrary statement in writing to Owner prior to or on the starting date of this Agreement. Residents agree to diligently maintain the Leased Premises, be responsible for the proper care of any and all furniture, furnishings, fixtures, appliances and equipment therein, and to keep the Leased Premises in a neat, clean and sanitary condition. Residents promise to return the Leased Premises and all furniture, furnishings, fixtures, equipment and appliances to Owner in the same condition at the time Residents vacate the Leased Premises as when first rented, less normal wear and tear. The Leased Premises will be furnished with the following items: **Refrigerator Dishwasher Disposal Range Microwave Washer/Dryer Air Conditioner.**

All appliances are installed per manufacturers' specifications and may be anchored. Residents shall not move, un-hook, or relocate any appliance connected to a gas/water source or floor drain connection at any time. Residents agree to promptly notify in writing (service request form) or by electronic written notification to Owner any defects, dilapidations, dangerous conditions, or other needed repairs as said conditions become evident. Residents agree to immediately reimburse Owner for any sums incurred by Owner to repair the Leased Premises or any item, fixture, plumbing, appliance or appurtenance damaged by the misuse or neglect of Residents or any members of their household, occupants, guests, licensees or invitees.

**10.1.  Smoke Detectors.**    Residents acknowledge that the Leased Premises is equipped with operable smoke detector(s). Residents agree not to interfere with the presence or operability of such smoke detectors and to report immediately to Owner, in writing, any defects in the condition of any smoke detectors. Residents further agree that, if the smoke detector(s) is battery operated, pursuant to California Civil Code Section 1942.1, as part of the consideration of the rental, Residents assumes responsibility to: (a) ensure the battery is in operating condition at all times; and (b) replace the battery as needed. Under no circumstances shall Residents remove the battery of a smoke detector without immediately replacing the battery with a new one.

**10.2.  Carbon-Monoxide Devices.**    If a carbon-monoxide device has been installed within the Leased Premises, Residents acknowledge that the carbon-monoxide device was operable at the time Residents took possession of the Leased Premises. Residents are responsible for notifying Owner if Residents becomes aware of an inoperable or deficient carbon-monoxide device within the Leased Premises. Owner shall correct any reported deficiencies or inoperabilities in the carbon-monoxide device. Residents agree not to interfere with the presence or operability of any carbon-monoxide device. Residents further agree that, if the carbon-monoxide device(s) is battery operated, pursuant to California Civil Code Section 1942.1, as part of the consideration of the rental, Residents assumes responsibility to: (a) ensure the battery is in operating condition at all times; and (b) replace the battery as needed. Under no circumstances shall Residents remove the battery of a carbon-monoxide device without immediately replacing the battery with a new one.

11. **UTILITIES.**    Unless the following is modified by a separate addendum to this Agreement, Owner agrees, at Owner's expense, to furnish the following utilities to the Leased Premises: **Gas.** Residents agree to pay all charges (including utility deposits) not supplied by Owner, assessed by the utility provider or Owner, or Owner's designated Billing Party in connection with Residents' use of utilities during the term of this Agreement, or the period of occupancy by Residents, whichever is longer. During the Initial Term or any renewal period of this Agreement, Residents shall not allow utilities to be disconnected - and shall pay all utility bills on time. Residents shall not waste utilities supplied by Owner. Residents shall properly use all electrical, gas and plumbing fixtures and appliances. Residents shall not install or operate any additional equipment or appliance including but not limited to additional refrigerators and freezers, a dishwasher, washing

machine, clothes dryer or an air conditioning unit in the Leased Premises unless supplied by Owner or with Owner's prior written approval. Residents will be responsible for the following utilities: **Electricity, Water, Sewer, and Trash**.

Owner may modify the method by which the utilities are furnished to the Leased Premises or billed to Residents during the term of this Agreement. In the event of interruption or failure of utility services that Owner is required to furnish, Owner shall use reasonable diligence in its efforts to restore such services. Owner shall not be liable for any damages directly or proximally caused by interruption or failure of utility service unless such interruption or failure of utility service is solely due to Owner's failure to pay to the service provider for the provision of such services to the Leased Premises.

Owner reserves the right, at any time a past due balance is owing on the utilities, to apply any and all funds received from Residents, including funds paid as rent, first to the past due balance and then any remaining funds will be applied to Rent. Residents agree to this allocation of funds despite any limiting or restrictive endorsement contained on the payment. Further, if Residents fail to pay any utility charges that are to be paid by Residents, Owner may, at its option, pay such charges in full to retain continuing utility services and bill Residents such charges as additional rent together with the regular monthly rental payment on the Due Date of the month next following the date of such billing. When Residents move from the Leased Premises, the utility charges will be charged to and deducted from the security deposit. It is understood and agreed between Owner and Residents if utility payments are not made when due, it shall be considered a default under this Agreement.

     **11.1. Connecting Utilities.**    If a utility is individually metered, it must be connected in Residents' names and Residents must notify the utility provider of Residents' move-out date so the meter can be timely read. If Residents delay getting it turned on in Residents' name by lease commencement or cause it to be transferred back into Owner's name before Residents surrender or abandon the Leased Premises, Residents will be liable for a sum of **$25.00**, as a liquidated damage, plus the actual or estimated cost of the utilities used while the utility should have been connected in Residents' names. If Residents are in an area open to competition and the Leased Premises is individually metered, Residents may choose or change Residents' retail electric provider at any time. If Residents qualify, Residents' provider will be the same as Owner's, unless Residents choose a different provider. If Residents choose or change Residents' provider, Residents' must give Owner written notice. Residents must pay all applicable provider fees, including any fees to change service back into Owner's name after Residents move out.

12. **DAMAGES, ALTERATIONS AND REPAIRS.**    Residents agree not to destroy, damage, deface or remove any part of the Leased Premises or Residential Community or permit any persons or animals to do so and to assume all liability for damages, other than ordinary wear and tear, caused by Residents or any members of their household, occupants, guests, licensees or invitees. Residents shall make no alterations to the Leased Premises without the prior written consent of Owner. Any alteration made to the Leased Premises by Residents after that consent has been given, and any fixtures installed as a part of that work, will at Owner's option become Owner's property on the expiration or earlier termination of this Agreement, provided, however, that Owner shall have the right to require Residents to remove any fixtures at Residents' cost on termination of this Agreement. Residents shall notify Owner of any dilapidations or other defective conditions on the Leased Premises that require repairs. Residents agree not to install additional or different locks, gates or alarms on any doors or windows of the Leased Premises without written permission of Owner, or as expressly allowed by law. If Owner approves Residents' request to install such mechanisms, Residents agree to provide Owner with a key for each lock.

**EXCEPT IN CASES OF EMERGENCIES, ALL NOTICES FROM RESIDENTS OR OCCUPANTS TO OWNER REGARDING REPAIRS, SERVICES, OR SECURITY MUST BE SIGNED BY RESIDENTS OR OCCUPANTS AND PROVIDED TO OWNER IN WRITTEN OR ELECTRONIC WRITTEN FORM ONLY, AS SPECIFIED BY OWNER.** Verbal requests from Residents, as well as written notes by Owner, Owner's employees, or agents will not be considered proper notice under this provision, and Owner's compliance with Residents' verbal requests does not constitute waiver of the strict requirements of this Section. Incidents constituting emergencies include situations where persons or property are in danger of imminent harm, such as fire, smoke, flooding water or active criminal activity. Residents must immediately notify Owner of any repairs, service issues, or safety issues in the Leased Premises or at the Residential Community. Owner may terminate this Agreement upon reasonable notice to Residents if the Leased Premises are substantially damaged or the performance of services or repairs creates a danger to Residents, and Owner may remove Residents' personal property if it poses a safety or health hazard to the greatest extent permitted by applicable law. Owner may temporarily interrupt services as needed to prevent property damage or perform repairs, which will not constitute a reduction in services entitling Residents to an abatement of rent, unless required by law.

13. **RISK OF LOSS OF RESIDENTS' PROPERTY.**    **Residents are required to purchase and maintain personal liability insurance with a coverage limit of no less than $100,000.00 for the Initial Term and any renewal periods. Residents will be in material breach of this Agreement if they fail to comply with the requirements of this provision.** Residents shall bear the risk of loss of any and all of Residents' personal property whether located in the Leased Premises, in garage/carport, designated storage areas or anywhere on the Residential Community. Residents agree not to hold Owner, its agents and/or employees liable in any manner for or on account of any loss or damages to

Residents' personal property sustained by reason of the acts or omissions of third parties, or arising from any casualty (including but not limited to fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism, unless otherwise required by law). Residents understand and agree that Residents, any members of their household, occupants, guests or invitees are not beneficiaries of any insurance policies held by Owner or Owner's agents. Residents will be in material breach of this Agreement if they fail to comply with the requirements of this provision.

14.  **ANIMALS.**    No animals are permitted without the prior written consent of Owner. Any such consent may be revoked at any time, with or without cause, by giving <u>10</u> days written notice to Residents. Except to the extent written permission is given, animals may not be brought upon the Leased Premises, whether such animals belong to Residents or to any other person. The presence of any animals as to which written permission has not been given and is not currently in force, even if such animals are "just visiting," shall be deemed a material breach of this Agreement and shall be cause for the service of a notice terminating the tenancy. This policy does not apply to accommodation or service animals. A disabled individual who requires an animal in order to be able to use and enjoy the Leased Premises or the Residential Community should contact Owner, before bringing the animal into the Residential Community, and request an accommodation to this lease provision. All accommodation requests will be processed in accordance with applicable laws.

15.  **HOLD HARMLESS FOR GUESTS.**    To the extent allowed by law, Residents agree to defend, protect, indemnify, and hold harmless Owner and Owner's agents against and from any and all claims, suits, liabilities, judgments, costs, demands, causes of action, and expenses, brought by Residents' occupants, guests, invitees or any other person in the Leased Premises. If any action or proceeding is brought against Owner or Owner's agents by reason of any such claim, upon notice from Owner, Residents shall defend the same at Residents expense by counsel reasonably satisfactory to Owner.

16.  **DELIVERY OF LEASED PREMISES.**    If, for any reason, Owner is unable to provide occupancy to Residents by the scheduled first day of the Initial Term, this Agreement will continue to be in effect, and Residents may elect one of the following remedies: a) a prorated daily abatement of rent until the date that Owner delivers possession of the Leased Premises; or b) Residents may terminate this Agreement up until such time as Owner delivers possession. Owner will have no liability to Residents if there is a delay of possession other than to refund any amounts paid to Owner under this Agreement. Residents' failure to take occupancy of the Leased Premises due to allegations regarding cleanliness, repairs, or services, does not constitute a failure of Owner to deliver possession of the Leased Premises.

17.  **RESPONSIBILITIES OF OWNER.**    Owner will act with customary diligence in keeping common areas reasonably clean; maintaining fixtures and appliances; complying with applicable safety, sanitation, and fair housing laws; and making reasonable repairs, subject to payment of damages for which Residents are liable.

    **17.1.  Safety Concerns.**    Owner makes no representations or guarantees to Residents concerning the security of the Leased Premises or the Residential Community. Owner is under no obligation to Residents to provide any security measure or take any action not required by statute. The presence of courtesy patrols, patrol cars, access gates, surveillance cameras or other deterrents do not guarantee that crime can or will be prevented. All such systems are subject to personnel absenteeism, human error, mechanical malfunctions and tampering. Residents are responsible for planning and taking action with respect to the safety of themselves, their, guests, their invitees, their licensees and their personal property as if such systems and deterrents did not exist.

Owner may install surveillance cameras in some of the common areas of the Residential Community. These cameras may or may not be monitored and the footage recorded by these cameras, if any, may or may not be kept by Owner for any length of time. Owner may remove such cameras, or install additional cameras, or cease recording with the cameras, at any time without notice to Residents. Footage from any cameras belongs to Owner and shall not be released to any resident although such footage may be released to law enforcement personnel, insurance adjusters or others with legitimate business needs for such footage in the sole discretion of Owner and without the consent of any individuals recorded by such footage.

Owner has no obligation to obtain criminal background checks on any Residents and bears no responsibility or liability related to the criminal background or actions (whether past, present or future) of any person, even if Owner has actually run a criminal background check on applicants. Residents shall not rely on the fact that Owner may have run a criminal background check on Residents or any other applicant when deciding whether to enter into this Agreement. Background checks are limited to the information that is publicly available, which varies greatly from County to County, information that can be positively associated with a particular person based upon limited available identifiers in the public record, and information that is actually reviewed, and therefore are not a guarantee that a person with a criminal background does not reside at the Residential Community. Owner has not made and does not make any representations as to the background of any existing or future tenant and Owner is under no obligation to run background checks on any existing tenant or future applicant.

Residents agree to immediately report all suspected or actual criminal activity to the appropriate local law enforcement agencies and, after doing so, to Owner, and shall provide Owner with such law enforcement agency's incident report number upon request. If Residents receive a copy of any law enforcement agency's incident report for an incident that occurred on the Residential Community and said incident impacted the Leased Premises, the Residential Community or other residents at the Residential Community, Residents shall provide a copy of said incident report to Owner upon request.

18. **ACCESS.**    Owner may enter the Leased Premises under the following circumstances: 1) in case of emergency; 2) to make necessary or agreed repairs, decorations, alterations, or improvements; 3) to supply necessary or agreed services; 4) to exhibit the Leased Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors; 5) if Residents abandon or surrender the Leased Premises; 6) pursuant to court order; or 7) under any other circumstances permitted by state law. Owner will give Residents at least **twenty-four (24)** hours notice of Owner's intent to enter unless: a) an emergency exists; b) Residents have abandoned or surrendered the Leased Premises; or c) it is impracticable to do so. Further, Owner will enter only during regular business hours unless: i) an emergency exists; ii) Residents have abandoned or surrendered the Leased Premises; or iii) Residents consent, at the time of an entry that is not during normal business hours, to the entry. Residents agree that if they deny Owner access to the Leased Premises when Owner is in compliance with statutory requirements and entitled to access, any such denial of access shall be deemed and constitute a waiver of any habitability or other claims Resident may have against Owner regarding any of Owner's affirmative duties associated with the condition of the Leased Premises due to Residents' interference with Owner's ability to perform said duties, and a material breach of this Agreement, which shall entitle Owner to serve Residents with a notice terminating this Agreement.

19. **TERMINATION, DEFAULT, AND REMEDIES.**    Owner and Residents agree that all provisions, obligations, and conditions of this Agreement are reasonable and material and that a breach by Residents of any such provision, obligation, or condition constitutes a material breach thereof. Owner is entitled to all rights, remedies, and damages under this Agreement and by law, including, but not limited to, all rights and remedies for damages to the Leased Premises, cleaning charges, past and future rent due, or other amounts due under this Agreement. All rights and remedies provided in this Agreement and by law are cumulative. This Agreement shall be deemed terminated upon written notice of termination by Owner to Residents. No other action by Owner shall constitute termination of this Agreement, including, but not limited to: a) maintenance of the Leased Premises by Owner or on Owner's behalf; b) efforts to rent out the Leased Premises by Owner or on Owner's behalf; c) Owner's withholding of consent to assign or sublet the Leased Premises pursuant to the terms of this Agreement; or d) Owner's termination of a sublet or assignment of the Leased Premises pursuant to the terms of this Agreement.

In the event of a breach by Residents, or where required by state law, Owner may provide to Residents written notice of the breach and demands for cure. Owner may terminate this Agreement if a cure is not possible or if Residents do not cure the breach within the time period provided by the notice or state law. Owner shall have the remedies set forth in CAL. CIV. CODE 1951.2, including, but not limited to the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in this Agreement, exceeds the rental loss for the same period that the lessee proves could be reasonable avoided, and all other rights and remedies under the law and this Agreement.

Residents or any occupants, invitees, or guests shall not hold over beyond the date contained in Residents' move-out notice or Owner's notice to vacate. In the event of a holdover by Residents, any Occupants, or guests, then, in addition to all other damages to which Owner shall be entitled under applicable law and this Agreement, Residents shall be liable to Owner for all rent for the full term of the previously signed Residential Lease Contract of a new resident who can't occupy because of the holdover (subject to Owner's duty to mitigate damages).

20. **CLEANING.**    Prior to moving out, Residents are required to clean all areas of the Leased Premises, including but not limited to, living and dining rooms, kitchens, hallways, bedrooms, closets, bathrooms, floors, outdoor walkways, patios, balconies, and any leased or assigned parking or storage areas, so they are as clean as received. Residents must also comply with move out and cleaning instructions provided by Owner. If, at Owner's discretion, Residents fail to adequately clean the Leased Premises, Owner reserves the right to hire a professional cleaning service and Residents will be liable for reasonable cleaning expenses.

21. **RESIDENTS' PERSONAL PROPERTY.**    Residents shall remove all personal property from the Leased Premises when vacating the Leased Premises. If personal property is left in the Leased Premises, Owner shall deem it abandoned property and dispose of it in accordance with applicable law and recover costs of doing so from Residents to the greatest extent permitted by applicable law.

22. **SECURITY DEPOSIT RETURN.**    After making any lawful deductions, Owner will refund the security deposit and give Residents an accounting of any deductions no more than twenty-one (21) days after Residents move out of the Leased Premises. Delivery of security deposit refunds and itemized deductions to any one of multiple residents shall constitute

notice and delivery to all Residents. Disposition of the security deposit will be mailed to Residents' last known address unless a forwarding address is provided by Residents.

**23. RELEASE OF RESIDENTS.**    Unless otherwise provided for by this Agreement or by law, Residents will not be released from this Agreement for any reason during the Initial Terms or any Renewal Terms.

    **23.1. Military Personnel Release.**    The Servicemembers Civil Relief Act ("SCRA") provides relief to U.S. service members entered into certain real property leases. Residents eligible for protection under the SCRA include: 1) Active duty service members who receive military orders for a permanent change of station or deployment orders; 2) Residents entering active duty service for the first time; and 3) Activated Reservists and National Guardsmen, when serving in federal active duty. The SCRA allows for early termination in the following instances: a) the service member entered into the lease before active military service; b) the service member entered into the lease while on active duty and then received permanent change of station orders thirty-five (35) miles or more away from the Leased Premises; or c) the service member entered into the lease while on active duty and then received orders to deploy in support of a military operation in excess of ninety (90) days.

Residents seeking release pursuant to the SCRA are required to provide: 1) at least thirty (30) days written notice to Owner; and 2) copies of Residents' military orders. After notice is delivered, this Agreement will be terminated thirty (30) days after the next date that rental payment is due or forty-five (45) days after Owner receives notice, whichever is shorter. In order to be eligible for release under this section, this Agreement must be signed by or on the behalf of the service member. Release under this section does not apply to a co-resident who is not the spouse or legal dependent of the eligible Resident.

**24. INFORMATION ABOUT BEDBUGS.**    Pursuant to California Civil Code Section 1954.603, Owner hereby provides the following general information about bed bug identification, behavior, biology, the importance of cooperation for prevention and treatment, and the importance of and for prompt written reporting of suspected infestation to Owner:

**Bed Bug Appearance:** Bed bugs have six legs. Adult bed bugs have flat bodies about 1/4 of an inch in length. Their color can vary from red and brown to copper colored. Young bed bugs are very small. Their bodies are about 1/16 of an inch in length. They have almost no color. When a bed bug feeds, its body swells, may lengthen, and becomes bright red, sometimes making it appear to be a different insect. Bed bugs do not fly. They can either crawl or be carried from place to place on objects, people, or animals. Bed bugs can be hard to find and identify because they are tiny and try to stay hidden.

**Life Cycle and Reproduction:** An average bed bug lives for about 10 months. Female bed bugs lay one to five eggs per day. Bed bugs grow to full adulthood in about 21 days.

**Survival:** Bed bugs can survive for months without feeding.

**Bed Bug Bites:** Because bed bugs usually feed at night, most people are bitten in their sleep and do not realize they were bitten. A person's reaction to insect bites is an immune response and so varies from person to person. Sometimes the red welts caused by the bites will not be noticed until many days after a person was bitten, if at all.

**Common Signs and Symptoms of a Possible Bed Bug Infestation:**

- Small red to reddish brown fecal spots on mattresses, box springs, bed frames, mattresses, linens, upholstery, or walls.
- Molted bed bug skins, white, sticky eggs, or empty eggshells.
- Very heavily infested areas may have a characteristically sweet odor.
- Red, itchy bite marks, especially on the legs, arms, and other body parts exposed while sleeping. However, some people do not show bed bug lesions on their bodies even though bed bugs may have fed on them.

**More Information:** For more information, see the Internet Web sites of the United States Environmental Protection Agency and the National Pest Management Association.

    **24.1. Reporting Infestations.**    Residents are required to report, in writing, any suspected infestations to Owner immediately after discovery. Residents shall report any signs of any infestations, including, but not limited to any household member experiencing any bites, seeing any insects or other vermin within the Leased Premises or seeing any feces or other detritus relating to insects.

**25. MISCELLANEOUS.**    This Agreement, including all applicable exhibits, schedules, addenda, or forms, sets forth all of the promises, agreements, conditions, and understandings between Owner and Residents and may not be changed or modified except by an agreement in writing signed by all parties. Residents acknowledge that all representations and statements relied upon in executing this Agreement are contained herein and that Residents in no way relied on any other statements or representations, written or oral. This Agreement and all rights of Residents arising under it are expressly agreed to be subject and subordinate to present and future recorded mortgages which are or may be placed upon the Leased Premises and all other rights afforded to the holder of any such mortgages.

**25.1. Zero Tolerance Crime Policy.**    Residents, Occupants, guests, or other individuals under Residents' control: 1) shall not engage in criminal activity or engage in any act intended to facilitate criminal activity on or near the Residential Community; 2) shall not engage in drug-related criminal activity on or near the Residential Community, including but not limited to, the illegal manufacture, sell, distribution, use, or possession with the intent to manufacture, sell, distribute, or use of an illegal or controlled substance as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. § 802; 3) shall not facilitate, use, or permit the Leased Premises to be used for criminal or drug-related criminal activity; and 4) shall not engage in any illegal activity which might negatively affect the health, safety, or welfare of the Owner, Owner's agents, other residents, the Leased Premises, or the Residential Community. Owner and Residents agree that these provisions are reasonable and material and that a violation by Residents of any such provision constitutes a material breach of this Agreement and is good cause for immediate termination of tenancy.

**25.2. Satellite Dishes and Antennas.**    The Federal Communications Commission states that Residents have a limited right to install a satellite dish or receiving antenna within the Leased Premises. This Agreement must be amended to incorporate requirements and restrictions prior to any installation. Residents are responsible for making sure the Leased Premises is in a location to receive the satellite signal prior to requesting permission to install. For information on requirements and restrictions, contact Owner. Resident shall not install any external media device nor climb or have others climb upon the roof.

**25.3. Domestic Violence, Sexual Assault, Human Trafficking, Abuse of an Elder or a Dependent Adult.** Owner will comply with all applicable laws regarding the changing of locks and the termination of tenancies for survivors of domestic violence, sexual assault, human trafficking, elder abuse or dependent adult abuse. Please contact Owner if you desire to terminate your tenancy for any of these reasons to discuss the documentation required.

**25.4. Attorney's Fees.**    In the event of any litigation relating to this Agreement or the rights or liabilities of any party arising hereunder, the prevailing party of such litigation shall be entitled to its costs, including reasonable attorney's fees, incurred in such litigation, not to exceed a maximum total of **$1,500.00** in fees and/or costs. In the event any such litigation is dismissed prior to trial, the parties agree that there shall be no prevailing party for purposes of an award of attorney's fees and/or costs. An eviction or unlawful detainer action shall be considered an action relating to this Agreement and thus subject to this provision.

**25.5. Fair Housing.**    Owner shall comply with all applicable local, state, and federal non-discrimination and fair housing laws, including laws which prohibit discrimination on the basis of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information of that person.

**25.6. Unpaid Balances.**    All unpaid balances bear ten percent (10%) interest per year from due date, compounded annually. Additionally, if Residents fail to pay all sums due as stated in the demand letter by the deadline stated in the demand letter, Residents shall be liable to pay all collection agency fees related to the collection of the unpaid balances.

**25.7. Sale of Leased Premises.**    In the event of a sale or pending sale of the Residential Community or in the event Owner, new owner, lender, or lender's receiver must obtain possession of the Leased Premises in order to redevelop, renovate, or demolish the Leased Premises or any portion of the Residential Community, Residents agree that Owner, new owner, lender, or lender's receiver shall have the right to terminate this Agreement upon sixty (60) days written notice.

**25.8. Photograph Release.**    Residents give permission to Owner to use any photograph or photographic image including video or video stills taken of Residents while in the common areas of the Residential Community or at any events sponsored by the Residential Community. Residents hereby grant Owner, and any of Owner's affiliates, successors or anyone else authorized by Owner, the irrevocable and unrestricted right and permission to copyright, in its own name or otherwise, the unlimited use of Residents' image, without restriction as to changes or alterations, made through any medium, for any legal purpose whatsoever. Residents also consent to the use of any printed matter in conjunction therewith. Residents hereby waive any right to inspect or approve the finished product and the advertising copy or other matter that may be used in connection therewith or the use to which it may be applied. Residents hereby release, discharge, and agree to hold harmless Owner and any of Owner's affiliates, successors or anyone else authorized by Owner, for all claims and demands arising out of or in connection with the use of the images taken of Residents, including without limitation any and all claims for libel, false light or invasion of privacy.

Initial:__ _____

**25.9. Liquid Filled Furniture.**    Liquid filled furniture is allowed only with proper insurance coverage, and prior written approval of Owner. Residents must provide Owner with at least 24-hours written notice prior to the installation, removal or movement of any liquid-filled furniture and Owner has the right to be present at the time of such installation, removal or movement. Installation movement and removal must be done in accordance with standards set by the

manufacturer, retailer or state law, whichever provides the higher degree of safety. No aquariums over <u>10</u> gallons are permitted without prior written consent of Owner. Any damages to the Leased Premises, community or other community residents' belongings as a result of leaks from liquid filled furniture will be replaced at the expense of Residents. Damages caused by the liquid filled furniture to other residents' belongings will give Owner permission to provide necessary Residents' information to all parties affected by the damage. **Residents agree to comply with all requirements and conditions of CAL. CIV. CODE 1940.5 in connection with the use of a waterbed or other furniture containing a liquid filling material on the Leased Premises.**

**25.10.  Notices.**    A notice served by Owner to Residents shall be deemed to be properly served if the service complies with Code of Civil Procedure Section 1162 (even if Residents do not actually receive the notice). If Residents receive a notice sent by Owner, the actual receipt of the notice shall cure any defects in the service and such notice shall be deemed to have been properly served-regardless if Owner failed to meet all of the requirements set forth in Code of Civil Procedure Section 1162. Service of any Resident of the Lease Premises shall be deemed as valid service upon all Residents. Unless otherwise required by law, Owner is not required to serve each Resident individually unless specifically required by law.

**25.11.  Megan's Law Database Notice.**    Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an internet web site maintained by the Department of Justice at <u>www.meganslaw.ca.gov</u>. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

**25.12.  Proposition 65.**    Proposition 65 protects California's drinking water sources form being contaminated with chemicals known to cause cancer, birth defects or other reproductive harm, and requires businesses to inform Californians about exposures to such chemicals. Residents shall refer to the Proposition 65 Addendum for warnings and additional information.

**25.13.  Estoppel Certificate.**    Residents agree to sign and deliver to Owner an estoppel certificate, in a form provided by Owner, within <u>ten (10)</u> days of receipt. The estoppel certificate acknowledges that: 1) this Agreement is in full force and effect and is unmodified (except as specifically set forth); and 2) Residents have no claims against Owner (except as specifically set forth). Failure to comply with this requirement shall be deemed to be an acknowledgment by Residents that the facts set forth in the estoppel certificate are true and may be relied on by a purchaser or lender.

**25.14.  Negative Credit Report Notice.**    **As provided under California Civil Code Section 1785.26, Residents are notified that a negative credit report which negatively affects your credit record may be submitted by Owner to credit reporting agencies in the event Residents fail to perform all of their responsibilities under this Agreement. Owner may provide information on Residents or Residents' rental history to business affiliates or upon reasonable request from an authorized agent of state or federal government or law enforcement agency with or without a warrant.**

**25.15.  Political Signs.**    A "political sign" is one that relates to any of the following: (i) an election or legislative vote, including an election of a candidate to public office; (ii) the initiative, referendum, or recall process; and (iii) issues that are before a public commission, public board, or elected local body for a vote. Resident(s) may only post political signs in the window or door of the Premises in accordance with the provisions of this Agreement. The signs may not be (i) more than six (6) square feet in size; (ii) posted or displayed in violation of any local, state, or federal law; or (iii) posted or displayed in violation of a lawful provision in a common interest development governing document that satisfies the criteria of California Civil Code Section 1353.6. Residents may not install or allow a political sign to be installed in a manner that causes any damage to or alteration of the Leased Premises such as drilling holes; nailing into outside walls, door frames, window sills, railings, etc.; or affixing tape or other sticky material in a way that will cause damage to paint or other finishes.

Residents shall post and remove any political signs in compliance with the time limits set by the ordinance for the jurisdiction where the Leased Premises is located. Residents shall be solely responsible for any violation of a local ordinance. If no local ordinance exists, or if the local ordinance does not include a time limit for posting and removing political signs on private property, political signs may be posted no earlier than ninety (90) days prior to the date of the election or vote to which the sign relates and must be removed within fifteen (15) days following the date of the election or vote. Residents are strictly liable for any damages or injury incurred as a result of such installation, and for the cost of repairs or repainting that may be reasonably necessary to restore the Leased Premises to its condition prior to the posting of the political sign(s).

**25.16.  Surcharge to Recoup Code Enforcement Fee.**    Pursuant to LAMC Ordinance No. 172537, Owner may collect a surcharge ("Surcharge") from Residents in the amount of 1/12th of the annual Code Enforcement Fee that is paid to the Los Angeles Housing Department (LAHD). This Surcharge must be paid each month in addition to the monthly rent payment. The Surcharge is currently <u>$3.61</u> per month. The Surcharge is subject to periodic increases in the event the LAHD increases the Code Enforcement Fee. Owner reserves the right to increase the Surcharge after giving

Initial: _7A_                                     12

Residents thirty (30) days written notice of the increase.

25.17.  Cash is not acceptable as a form of payment. All monthly payments must be made by one (1) check not multiple checks. Partial payment of rent is not acceptable at any time; all payments must be made in full to include all amounts due. Post-dated or third party payments will not be accepted.

26.  **NON-DISCRIMINATION.**    There shall be no discrimination against or segregation of, any persons on account of race, color, national origin, ancestry, creed, religion, gender, gender identity, gender expression, sexual orientation, genetic information, marital status, familial status, age, source of income, handicap, disability, citizenship status, immigration status, primary language spoken or any other protected classification under state or federal law, in the sale, lease, sublease, transfer, use, occupancy, tenure or enjoyment of the Leased Premises, nor shall Owner or any person claiming under or through Owner, establish or permit any such practice or practices of discrimination or segregation with reference to the selection, location, number, use or occupancy of tenants, lessees, or vendees of the Leased Premises.

27.  **REQUESTS FOR ACCOMMODATIONS OR MODIFICATIONS.**    A disabled person, for all purposes under this Lease, shall be provided reasonable accommodations or reasonable modifications to the extent necessary to provide the disabled person with an opportunity to use and occupy the Leased Premises in a manner equal to that of a non-disabled person. If Residents believe Residents or a member of Residents' household requires an accommodation or modification as a result of a disability, Residents should contact Owner to begin the interactive process.

28.  **NO WAIVER.**    Owner's failure on any occasion to require strict compliance with any provision of this Agreement or to exercise any rights arising hereunder shall not be deemed a waiver of Owner's right to subsequently enforce any such provision or to insist upon any such right. The fact that Owner may have accepted late payment(s) on one (1) or more occasions shall not be deemed a waiver of Owner's right to insist upon timely payment of rent nor to exercise any remedy available for late payment of rent. Acceptance of rent following a breach of this Agreement shall not be deemed to constitute a waiver of such breach. No custom or practice which may develop between the parties in the course of the tenancy shall be construed to waive the right of Owner to enforce any provision of this Agreement.

Owner's representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Agreement or any part of it, unless in writing, and no authority to make promises, representations, or agreements that impose security duties or other obligations on Owner or Owner's representatives unless in writing. Except when notice or demand is required by statute, Residents waive any notice and demand for performance from Owner of Residents' default. Written notice to or from Owner's agents, representatives, or managers constitutes notice to or from Owner. All notices must be signed.

29.  **SEVERABILITY.**    If a provision or paragraph of this Agreement is legally invalid, or declared by a court to be unenforceable, such provision or paragraph will be deemed deleted and the rest of this Agreement remains full force in effect. To the extent that any provision of this Agreement is in conflict with any provisions of applicable law, such provision is hereby deleted, and any provision required by applicable law which is not included in this Agreement is hereby inserted as an additional provision of this Agreement, but only to the extent required by applicable law and then only so long as the provision of the applicable law is not repealed or held invalid by a court of competent jurisdiction.

30.  **ATTACHMENTS TO THE AGREEMENT.**    Residents certify that he/she/they have received a copy of this Agreement and the below listed attachments to this Agreement and understand that these attachments are part of this Agreement.

| | |
|---|---|
| Animal Addendum | Move-In/Resident File Checklist |
| Asbestos Notification Addendum | Owner or Relative Occupancy |
| Bedbug Addendum | Parking Storage Garage Addendum |
| Community Policies | Participation Addendum |
| Concession Addendum | Pest Control Addendum - CA |
| Flood Hazard Disclosure - CA | Proposition 65 Addendum - CA |
| Key, Permits & Access Device Addendum | Proposition 65 Warning and Q. & A. |
| Lead-Based Paint Disclosure | Resident Contact Information |
| Lease Buy-Out Agreement | Satellite Dish and Antenna Addendum |
| Mandatory Liability Insurance | Smoke Free Addendum |
| Moisture Disclosure Statement | Utilities Addendum |
| Move In - Pre-Move Out - Move Out Inspection Form | |

31.  **SIGNATORIES.**    This Agreement expresses the complete understanding of the parties with respect to the subject matter set forth herein and supersedes all prior proposals, agreements, representations and understandings. The undersigned Residents, whether or not in actual possession of the Leased Premises, are jointly and severally responsible for all obligations arising hereunder. This Agreement shall not be considered to be in full force and effect until signed by

Initial: *TH*

Owner, and Owner has received any required Guaranty. Owner may, without liability, refuse to enter into this Agreement and may refuse to allow Residents to occupy the Leased Premises at any time prior to signing this Agreement. Anything to the contrary in this provision notwithstanding, Residents shall be fully liable for all obligations arising hereunder, and Owner may enforce the provisions of this Agreement against Residents if, for any reason or by any means, Residents obtain occupancy to the Leased Premises before such time as this Agreement has been signed by Owner or Owner's authorized agent.

   **31.1. Electronic Signatures.**    The parties agree that they may enter into this transaction by electronic means; although, traditional hard copies with ink signatures may be used instead at Owner's option or if required by law. Residents agree and acknowledge that if Residents are entering into this transaction with Owner by electronic means, doing so is not conditioned on Residents' agreement to conduct the leasing transaction electronically.

**The undersigned expressly understand and acknowledges that the "Term" Section of this Agreement provides for the tenancy to renew automatically on a month-to-month basis at the end of the Initial Term if Residents remain in possession of the Leased Premises after the expiration of the Agreement or fails to give notice of Residents' intent not to renew or extend before the expiration of the Agreement.**

INTENDING TO BE BOUND, the parties hereto have executed this Agreement as of the day and year first above written.

| | |
|---|---|
| _____ | 1/4/23 _____ 9/06/2023 |
| Travis D. Holifield *(Resident)*                    Date | Diana Aguiar *(By 4th and Main, LLC., on behalf of, and as designated agent for, Owner)*                    Date |

## Application For "4th and Main Apartments ~Parking Space Included~"

334 S Main St #9109,
Los Angeles,CA ,
90013
Phone: (213) 621-2031

## Apartment Information

| | | | |
|---|---|---|---|
| Apartment: | 1312 | Move in Date: | 8/29/2022 |
| Floor Plan: | | Lease Term : | 12 |
| Bed: | 1 | Deposit: | $500.00 |
| Bath: | 1.00 | Rent: | $2399 |
| Area: | 763 | | |

This application will require a $303.33 fee.

## Applicant Information

| | | | |
|---|---|---|---|
| Name: | Mr. Travis Davon Holifield | Date Of Birth: | ******** |
| Preferred Name: | Travis Holifield | Do you have a Social Security Number?: | No |
| Marital Status: | | SSN: | XXX-XX-2062 |
| Email: | legacyartistonly@gmail.com | Government Issued Identification Number: | ******** |
| Phone: | (443) 381-2331 | Government Issuing Entity: | MD |
| Country: | US | License Country: | US |
| Address: | 2025 Crestview Road | Have you ever been evicted?: | No |
| | Baltimore, MD. 21239 | If yes, details | |
| Residency From: | 4/1/2009 | | |
| Residency From: | 4/1/2009 | Have you ever been convicted of a felony?: | No |
| Monthly Rent/Monthly mortgage payments: | $2500 | If yes, details | |
| Reason for Moving: | Relocation | Do you have any criminal charges pending, awaiting disposition or looming in any way?: | No |
| Apartment Community: | | | |
| Management Company: | Cleopatra Dimakakos | | |

Management Company Phone:   (443) 373-0113

Was 30 days notice given:   Yes

## Employment Information

| | |
|---|---|
| Country: | US |
| Employment Status: | Employed |
| Employer: | Get Money Music Group |
| Supervisors Name: | Joi Adams - Human Resources |
| Address: | 10451 Mill Run Circle, #400, Owings Mills.MD, 21117 |

| | |
|---|---|
| Job Title: | General Manager |
| Employed Since: | 8/1/2009 |
| Monthly Income: | $12500 |
| Additional Income: | $5000 |
| Additional Income Source: | Real Estate Investments |
| Employers Phone: | (443) 381-2774 |

## Previous Employment Information

| | |
|---|---|
| Employer: | |
| Supervisors Name: | |
| Address: | |
| Employers Phone: | |

| | |
|---|---|
| Job Title: | Studio Manager GMC Records |
| Previous Employer Start Date: | 1/1/2009 |
| Previous Employer End Date: | 8/1/2019 |
| Monthly Income: | $7500 |
| Additional Income: | $0 |
| Additional Income Source: | |

## Emergency Information

| | |
|---|---|
| Name: | Erica Jones |
| Relationship: | Other |
| Phone: | (562) 456-7801 |
| Country: | US |

Address:    15250 Ventura Blvd

Sherman Oaks,MD,
91364

## Vehicle Information

| Make | Model | Year | Color | License Plate | State |
|------|-------|------|-------|---------------|-------|
|      |       |      |       |               |       |
|      |       |      |       |               |       |
|      |       |      |       |               |       |
|      |       |      |       |               |       |

**Terms Accepted**

| Terms | Date Time | IP |
|-------|-----------|-----|
| Legal Terms-<br>By submitting this application, I verify that the statements provided in this application are true and correct and I agree to be screened after payment of application fees. | Aug 26 2022 2:06PM | 166.205.107.51 |
| Screening Terms-<br>I have read the Renter Screening section of the Terms and Conditions, and I authorize the use of the information and contacts provided in this application to complete a credit, reference, and/or background check. | Aug 26 2022 2:06PM | 166.205.107.51 |

**Events Completed**

| Event | Date Time | IP |
|-------|-----------|-----|
| Application Information Completed | Aug 26 2022 2:06PM | 166.205.107.51 |

# TENANT LEDGER

4th and Main, LLC.
334 S Main St #9109
Los Angeles, CA 90013
(213) 621-2031

| Prepared For | | Tenant Status | Current |
|---|---|---|---|
| | Travis Davon Holifield | Tenant Since | 01/06/2023 |
| | 4th and Main - Residential | Current Lease | 01/06/2023 |
| | 334 S Main St #9109, Unit 9605 | Balance Due | 9,468.92 |
| | Los Angeles, CA 90013 | | |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| 12/01/2023 | Residential Rent (12/2023) | 3,150.00 | 0.00 | 9,468.92 |
| 12/01/2023 | Utilities (12/2023) | 365.43 | 0.00 | 6,318.92 |
| 12/01/2023 | SCEP (12/2023) | 3.61 | 0.00 | 5,953.49 |
| 11/15/2023 | Chk# 214517809Debit Card On-Line Payment ; Mobile Web - Resident Services | 0.00 | 950.00 | 5,949.88 |
| 11/04/2023 | November 2023 Late Fee | 315.00 | 0.00 | 6,899.88 |
| 11/01/2023 | Residential Rent (11/2023) | 3,150.00 | 0.00 | 6,584.88 |
| 11/01/2023 | Utilities 09/01/2023 - 10/01/23 | 263.49 | 0.00 | 3,434.88 |
| 11/01/2023 | SCEP (11/2023) | 3.61 | 0.00 | 3,171.39 |
| 10/18/2023 | Chk# 3008137566 | 0.00 | 635.00 | 3,167.78 |
| 10/04/2023 | October Late Fee | 315.00 | 0.00 | 3,802.78 |
| 10/03/2023 | Chk# 128702Music Cares | 0.00 | 3,151.61 | 3,487.78 |
| 10/01/2023 | Residential Rent (10/2023) | 3,150.00 | 0.00 | 6,639.39 |
| 10/01/2023 | Utilities (10/2023) | 352.67 | 0.00 | 3,489.39 |
| 10/01/2023 | SCEP (10/2023) | 3.61 | 0.00 | 3,136.72 |
| 09/21/2023 | Chk# 1760 | 0.00 | 765.00 | 3,133.11 |
| 09/04/2023 | September 2023 Late Fee | 315.00 | 0.00 | 3,898.11 |
| 09/01/2023 | Residential Rent (09/2023) | 3,150.00 | 0.00 | 3,583.11 |
| 09/01/2023 | Utilities (09/2023) | 429.50 | 0.00 | 433.11 |
| 09/01/2023 | SCEP (09/2023) | 3.61 | 0.00 | 3.61 |
| 08/18/2023 | Chk# 200815043Credit Card On-Line Payment ; Mobile Web - Resident Services | 0.00 | 3,745.53 | 0.00 |
| 08/04/2023 | August 2023 Late Fees | 315.00 | 0.00 | 3,745.53 |
| 08/01/2023 | Residential Rent (08/2023) | 3,150.00 | 0.00 | 3,430.53 |
| 08/01/2023 | Utilities (08/2023) | 276.92 | 0.00 | 280.53 |
| 08/01/2023 | SCEP (08/2023) | 3.61 | 0.00 | 3.61 |
| 07/06/2023 | Chk# 1003 | 0.00 | 3,392.64 | 0.00 |
| 07/01/2023 | Residential Rent (07/2023) | 3,150.00 | 0.00 | 3,392.64 |
| 07/01/2023 | Utilities (07/2023) | 239.03 | 0.00 | 242.64 |

| 07/01/2023 | SCEP (07/2023) | 3.61 | 0.00 | 3.61 |
| 06/03/2023 | Chk# 189611573Credit Card On-Line Payment ; Web - Resident Services | 0.00 | 3,496.99 | 0.00 |
| 06/01/2023 | Residential Rent (06/2023) | 3,150.00 | 0.00 | 3,496.99 |
| 06/01/2023 | Utilities (06/2023) | 343.38 | 0.00 | 346.99 |
| 06/01/2023 | SCEP (06/2023) | 3.61 | 0.00 | 3.61 |
| 05/03/2023 | Chk# 6784 | 0.00 | 3,369.53 | 0.00 |
| 05/01/2023 | Residential Rent (05/2023) | 3,150.00 | 0.00 | 3,369.53 |
| 05/01/2023 | Miscellaneous (05/2023) | 3.61 | 0.00 | 219.53 |
| 05/01/2023 | Miscellaneous (05/2023) | 215.92 | 0.00 | 215.92 |
| 04/03/2023 | Chk# 7010 | 0.00 | 3,464.89 | 0.00 |
| 04/01/2023 | Residential Rent (04/2023) | 3,150.00 | 0.00 | 3,464.89 |
| 04/01/2023 | Miscellaneous (04/2023) | 3.61 | 0.00 | 314.89 |
| 04/01/2023 | Miscellaneous (04/2023) | 311.28 | 0.00 | 311.28 |
| 03/06/2023 | Chk# 177312701Credit Card On-Line Payment ; Web - Resident Services | 0.00 | 3,295.41 | 0.00 |
| 03/01/2023 | Residential Rent (03/2023) | 3,150.00 | 0.00 | 3,295.41 |
| 03/01/2023 | Miscellaneous (03/2023) | 3.61 | 0.00 | 145.41 |
| 03/01/2023 | Miscellaneous (03/2023) | 141.19 | 0.00 | 141.80 |
| 02/03/2023 | Chk# 1005 | 0.00 | 3,153.00 | 0.61 |
| 02/01/2023 | SCEP (02/2023) | 3.61 | 0.00 | 3,153.61 |
| 02/01/2023 | Residential Rent (02/2023) | 3,150.00 | 0.00 | 3,150.00 |
| 01/09/2023 | Chk# 1004 | 0.00 | 1,670.00 | 0.00 |
| 01/09/2023 | :MoveIn - Deposit | 600.00 | 0.00 | 1,670.00 |
| 01/09/2023 | :MoveIn - Residential Rent | 2,642.00 | 0.00 | 1,070.00 |
| 01/06/2023 | January 2023 SCEP Fee | 3.00 | 0.00 | -1,572.00 |
| 01/06/2023 | Move-in Concession | -1,575.00 | 0.00 | -1,575.00 |

# EXHIBIT B

# THREE-DAY NOTICE TO PAY RENT OR QUIT
### For Rent Due on or after April 1, 2022

TO: ___Travis D. Holifield_____

<em>All Residents (tenants and subtenants) in possession (full name) and all others in possession</em>

of the rental unit located at:

_____334 S Main St_____, Unit # (if applicable) 9605
<em>(Street Address)</em>

_____Los Angeles_____, CA ____90013___ (Two Bedroom)
<em>(City)                                                                                          (Zip)</em>

**WITHIN THREE (3) DAYS,** not including Saturdays, Sundays or other judicial holidays, after the service on you of this Notice, you are hereby required to make payment **PAYABLE TO:**

_____4th and Main, LLC/Ocean Blue Investments I, LLC._____ (Landlord) the rent for the premises

amounting to the total sum of $_4,715.00_____ calculated as follows:

$ 3,150.00 which came due 11/01/2023 for the rental period from ___11/01/2023_____ through 11/30/2023

$1,565.00 which came due 10/01/2023 for the rental period from ___10/01/2023_____ through 10/31/2023

$ _____ which came due _____ for the rental period from _____ through _____

## OR QUIT AND DELIVER THE POSSESSION OF THE PREMISES.

If you fail to perform or otherwise comply, Landlord declares the forfeiture of your Rental/Lease Agreement and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency. This Three-day Notice to Pay Rent or Quit supersedes all previous Three-day Notices to Pay Rent or Quit, if any.

This notice does not demand payments that came due prior to April 1, 2022, however, any amounts you may owed prior to April 1, 2022, are not waived and Landlord reserves the right to pursue those amounts in a separate action.

Payment must be delivered to:

_____Diana Aguiar_____
<em>(Name to whom rent should be delivered)</em>

at _334 S Main St #9109, Los Angeles, CA 90013_____.
<em>(Address where payments should be delivered)</em>

Telephone number for above address: __(213) 621-2031_____

Payments made in person may be delivered between the hours of __8:30 am__ and __5:00 pm__ on the following days of the week: ☒ Monday ☐ Tuesday ☒ Wednesday ☒Thursday ☒ Friday ☐ Saturday ☐ Sunday

☐ Other _____

Acceptable methods of payment: ☐Personal Check ☒Cashier's Check ☒Money Order ☐Credit ☐EFT (Pursuant to previously established Electronic Funds Transfer procedure) and ☐Cash

Ocean Blue Investments I, LLC ☒ by _____     4th and Main, LLC._____ Agent for Landlord
Landlord                            <em>Individual Signing for Landlord</em>     <em>Management Co. (If Applicable)</em>

11-22-2023
Date

*California Apartment Association Approved Form*
*www.caanet.org*
**Form CA-230** – Revised 4/22 – ©2022 – All Rights Reserved
Page 1 of 2

**Unauthorized Reproduction of Blank Forms is Illegal.**



**[For Landlord Use Only]**

## THREE-DAY NOTICE TO PAY RENT OR QUIT
### For Rent Due on or after April 1, 2022

## Proof of Service

I, the undersigned, being at least 18 years of age, declare that I served this notice, of which this is a true copy, on the ___22___

day of ___November___ (month), ___2023___ (year), on the above-mentioned resident(s) in possession, in the manner indicated below.

☐ <u>BY DELIVERING</u> a copy of the Notice to the following resident(s)  <u>PERSONALLY</u>: _____

☐ <u>BY LEAVING</u> a copy for each of the above-named resident(s) with a person of suitable age and discretion at the residence or usual place of business of the resident(s), said resident(s) being absent thereof; <u>AND MAILING</u> by first class mail on said date a copy to each resident by depositing said copies in the United States  Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

☑ <u>BY POSTING</u> a copy for each of the above-named resident(s) in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said resident(s); <u>AND MAILING</u> by first class mail on the same day as posted, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the resident(s) at the place where the property is situated.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed this ___22___ day of ___November___ (month), ___23___ (year), in ___Los Angeles___ (City), ___CA___ (State).

___Diana Aguilar___
*Name of Declarant (Print)*

___D___
*(Signature of Declarant)*


*California Apartment Association Approved Form*
www.caanet.org
**Form CA-230** – Revised 4/22 – ©2022 – All Rights Reserved
*Page 2 of 2*

**Unauthorized Reproduction of Blank Forms is Illegal.**

EXHIBIT C

**SUM-130**

# SUMMONS—EVICTION
## *(CITACIÓN JUDICIAL—DESALOJO)*
**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Travis D. Holifield

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
4th and Main, LLC

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 10:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

---

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

---

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   **CASE NUMBER** *(número del caso):*
   **23STUD16778**

   LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT
   111 NORTH HILL STREET
   LOS ANGELES, CA 90012

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Chris Evans #202135/Mackenzie Gonzales #333839      Kimball, Tirey & St. John LLP
   915 Wilshire Blvd, Suite 1650                        (213) 337-0050
   Los Angeles, CA 90017

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]
CEB | Essential
ceb.com | Forms

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
*www.courts.ca.gov*

**SUM-130**

| | |
|---|---|
| PLAINTIFF (*Name*): 4th and Main, LLC | CASE NUMBER: |
| DEFENDANT (*Name*): Travis D. Holifield | 23STUD16778 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)** [X] did **not** ☐ did
   for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:
   a.  Assistant's name:
   b.  Telephone no.:
   c.  Street address, city, and zip:

   d.  County of registration:
   e.  Registration no.:
   f.  Registration expires on *(date)*:

Date:                                    David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)*  12/29/2023                     Clerk, by                                    , Deputy
                                         *(Secretario)*     Y. Ayala               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as an occupant.
   d.  ☐  on behalf of *(specify):*
       under: ☐ CCP 416.10 (corporation).          ☐ CCP 416.60 (minor).
              ☐ CCP 416.20 (defunct corporation).   ☐ CCP 416.70 (conservatee).
              ☐ CCP 416.40 (association or partnership).  ☐ CCP 416.90 (authorized person).
              ☐ CCP 415.46 (occupant).              ☐ other *(specify):*
   e.  ☐  by personal delivery on *(date):*

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

CEB Essential
ceb.com  Forms

**UD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY                STATE BAR NUMBER:<br>NAME: Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791<br>FIRM NAME: Kimball, Tirey & St. John LLP<br>STREET ADDRESS: 915 Wilshire Blvd, Suite 1650<br>CITY: Los Angeles                STATE: CA  ZIP CODE: 90017<br>TELEPHONE NO.: (213) 337-0050          FAX NO.: (213) 337-0080<br>EMAIL ADDRESS: LALTElectronicService@kts-law.com<br>ATTORNEY FOR (name): Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/29/2023 10:17 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Ayala, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT

PLAINTIFF: 4th and Main, LLC
DEFENDANT: Travis D. Holifield
☐ DOES 1 TO

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| ☒ COMPLAINT  ☐ AMENDED COMPLAINT (Amendment Number): | 23STUD16778 |

**Jurisdiction** (*check all that apply*):
☒ **ACTION IS A LIMITED CIVIL CASE**
Amount demanded    ☒ does not exceed $10,000.
                   ☐ exceeds $10,000 but does not exceed $25,000.

☐ **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (*check all that apply*):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue).    ☐ from limited to unlimited.
  ☐ from unlawful detainer to general limited civil (possession not in issue).    ☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
   4th and Main, LLC

   *alleges causes of action against DEFENDANT (name each):*
   Travis D. Holifield

2. a. Plaintiff is   (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                    (2) ☐ a public agency.                         (5) ☐ a corporation.
                    (3) ☒ other (specify): Limited Liability Company

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
      334 S. Main Street #9605
      Los Angeles, CA 90013
      County of Los Angeles
   b. The premises in 3a are *(check one)*
      (1) ☒ within the city limits of *(name of city):* Los Angeles
      (2) ☐ within the unincorporated area of *(name of county):*
   c. The premises in 3a were constructed in *(approximate year):* 2010

4. Plaintiff's interest in the premises is   ☒ as owner   ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

**\*NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. September 1, 2020] | **COMPLAINT — UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.<br>Code of Civil Procedure, §§ 425.12, 1166<br>*www.courts.ca.gov* |

CEB  Essential Forms
ceb.com

**UD-100**

| | |
|---|---|
| PLAINTIFF: 4th and Main, LLC<br>DEFENDANT: Travis D. Holifield | CASE NUMBER: |

6.  a.  On or about *(date):*  01/06/2023
    *defendant (name each):*
    Travis D. Holifield

    (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):*  1 Year
    (2) agreed to pay rent of $  3,150.00 payable ☒ monthly ☐ other *(specify frequency):*
    (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify):*
  b.  This ☒ written ☐ oral agreement was made with
    (1) ☐ plaintiff.    (3) ☐ plaintiff's predecessor in interest.
    (2) ☒ plaintiff's agent.    (4) ☐ Other *(specify):*
  c.  ☐ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☐ Other *(specify):*
  d.  ☐ The agreement was later changed as follows *(specify):*

  e.  ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
    and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f.  ☒ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  The tenancy described in 6 *(complete (a) or (b))*

  a.  ☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy
    is exempt is *(specify):*  Not Applicable
  b.  ☐ is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*

  a.  ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

  b.  ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

    (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under
        section 1946.2(d)(2), in the amount of $
    (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
        to *(name each defendant and amount given to each):*

  c.  ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  ☒ Defendant *(name each):* Travis D. Holifield

    was served the following notice on the same date and in the same manner:

    (1) ☒ 3-day notice to pay rent or quit    (5) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit                  *(not applicable if item 7b checked)*
    (3) ☐ 60-day notice to quit           (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
    (4) ☐ 3-day notice to quit                Prior required notice to perform covenants served *(date):*
                                (7) ☐ Other *(specify):*

CEB Essential Forms
ceb.com

**UD-100**

| PLAINTIFF: 4th and Main, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: Travis D. Holifield | |

9. b. (1) On (date): 11/29/2023     the period stated in the notice checked in 9a expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
  f. ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. ☒ The notice in item 9a was served on the defendant named in item 9a as follows:
  (1) ☐ By personally handing a copy to defendant on *(date):*
  (2) ☐ By leaving a copy with *(name or description):*
      a person of suitable age and discretion, on *(date):*     at defendant's
      ☐ residence   ☐ business   AND mailing a copy to defendant at defendant's place of residence
      on *(date):*     because defendant cannot be found at defendant's residence or usual place of business.
  (3) ☒ By posting a copy on the premises on *(date):* 11/22/2023
      ☒ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
      on *(date):* 11/22/2023
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☒ because no person of suitable age or discretion can be found there.
  (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
  (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. ☐ *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
  d. ☒ *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. ☐ *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. ☒ *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was $*     4,715.00

13. ☒ *The fair rental value of the premises is $*     105.00 *per day.*

14. ☐ *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. ☒ *A written agreement between the parties provides for attorney fees.*

16. ☐ *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*



    Plaintiff has met all applicable requirements of the ordinances.

17. ☒ *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

**COMPLAINT — UNLAWFUL DETAINER**

CEB
ceb.com Essential Forms

**UD-100**

| | |
|---|---|
| PLAINTIFF: 4th and Main, LLC<br>DEFENDANT: Travis D. Holifield | CASE NUMBER: |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. [X] past-due rent of $     4,715.00
d. [X] reasonable attorney fees.
e. [X] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance
    as stated in item 8: $
g. [X] damages at the rate stated in item 13 from
    *(date):* 12/01/2023
    for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify):*

20. [X] Number of pages attached *(specify):*     4

**UNLAWFUL DETAINER ASSISTANT**   (Bus. & Prof. Code, §§ 6400–6415)

21. [X] *(Complete in all cases.)* An unlawful detainer assistant   [X] did **not**   [ ] did
for compensation give advice or assistance with this form. (*If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.*)

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date):*

Date: 12/19/2023

Chris Evans             ▶ /s/Chris Evans
_____     _____
(TYPE OR PRINT NAME)               (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/19/2023

                         ▶ See Attachment
_____     _____
(TYPE OR PRINT NAME)               (SIGNATURE OF PLAINTIFF)

CEB
ceb.com   Essential Forms

1

## **VERIFICATION**

2

3    I,  **Diana Aguiar**_____ ,declare that:

(Name)

4    That I am the Authorized Agent for the Plaintiff in this action, and am authorized to

5    make this Verification for and on its behalf.  I am making this Verification for the Plaintiff

6    because I am the person with the most personal knowledge of the facts contained in the

7    Complaint and Mandatory Cover Sheet and Supplemental Allegations.

8        I have read the contents of the foregoing Complaint and Mandatory Cover Sheet and

9    Supplemental Allegations and the same is true of my own knowledge, except as to those

10    matters stated on information and belief, and as to those, I believe them to be true.

11        I declare under penalty of perjury that the foregoing is true and correct.  Executed

12    12/27/2023_____, at ___Los Angeles_____ California.

(Date)                          (City)

13

14

15

16                                              Authorized Agent for Plaintiff    (Signature)

17

18

19

20

21

22

23

24

25

26

27

28

---

VERIFICATION

**ATTACHMENT 17**

**INFORMATIONAL NOTICE OF TEMPORARY EVICTION PROTECTIONS**

In accordance with Federal law, defendant(s) are hereby notified of the following:

**Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, territory, locality, or tribal area, or under Federal law.**

Learn the steps you should take now:
- Visit **www.cfpb.gov/eviction**
- Or call a housing counselor at 800-569-4287.

Nothing contained in this attachment is intended as, or shall constitute, an admission or waiver of any kind.

This disclosure is provided for informational purposes.

**EXHIBIT**

**2**

# THREE-DAY NOTICE TO PAY RENT OR QUIT
### For Rent Due on or after April 1, 2022

TO: _____ Travis D. Holifield _____

*All Residents (tenants and subtenants) in possession (full name) and all others in possession*

of the rental unit located at:

_____ 334 S Main St _____, Unit # (if applicable) 9605 _____
*(Street Address)*

_____ Los Angeles _____, CA ____ 90013  (Two Bedroom) __
*(City)*                                                      *(Zip)*

**WITHIN THREE (3) DAYS**, not including Saturdays, Sundays or other judicial holidays, after the service on you of this Notice, you are hereby required to make payment **PAYABLE TO:**

_____ 4th and Main, LLC/Ocean Blue Investments I, LLC. _____ (Landlord) the rent for the premises

amounting to the total sum of $ 4,715.00 _____ calculated as follows:

$ 3,150.00 which came due 11/01/2023 for the rental period from ___ 11/01/2023 _____ through 11/30/2023 _____

$ 1,565.00 which came due 10/01/2023 for the rental period from ___ 10/01/2023 _____ through 10/31/2023 _____

$ _____ which came due _____ for the rental period from _____ through _____

**OR QUIT AND DELIVER THE POSSESSION OF THE PREMISES.**

If you fail to perform or otherwise comply, Landlord declares the forfeiture of your Rental/Lease Agreement and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency. This Three-day Notice to Pay Rent or Quit supersedes all previous Three-day Notices to Pay Rent or Quit, if any.

This notice does not demand payments that came due prior to April 1, 2022, however, any amounts you may owed prior to April 1, 2022, are not waived and Landlord reserves the right to pursue those amounts in a separate action.

Payment must be delivered to:

_____ Diana Aguiar _____
*(Name to whom rent should be delivered)*

at __ 334 S Main St #9109, Los Angeles, CA 90013 _____.
*(Address where payments should be delivered)*

Telephone number for above address: __ (213) 621-2031 _____

Payments made in person may be delivered between the hours of ___ 8:30 am ___ and ___ 5:00 pm ___ on the following days of the week: ☒ Monday ☒ Tuesday ☒ Wednesday ☒Thursday ☒ Friday ☐ Saturday ☐ Sunday

☐ Other _____

Acceptable methods of payment: ☐Personal Check ☒Cashier's Check ☒Money Order ☐Credit ☐EFT (Pursuant to previously established Electronic Funds Transfer procedure) and ☐Cash

Ocean Blue Investments I, LLC ☒ by _____   4th and Main, LLC. _____ Agent for Landlord
Landlord                    *Individual Signing for Landlord*   *Management Co. (If Applicable)*

11-22-2023
Date _____



*California Apartment Association Approved Form*
*www.caanet.org*
**Form CA-230** – Revised 4/22 - ©2022 – All Rights Reserved
Page 1 of 2

Unauthorized Reproduction of
Blank Forms is Illegal.



## [For Landlord Use Only]

## THREE-DAY NOTICE TO PAY RENT OR QUIT
### For Rent Due on or after April 1, 2022

## Proof of Service

I, the undersigned, being at least 18 years of age, declare that I served this notice, of which this is a true copy, on the _22_

day of _November_ (month), _2023_ (year), on the above-mentioned resident(s) in possession, in the manner indicated below.

☐ BY DELIVERING a copy of the Notice to the following resident(s) PERSONALLY: _____

☐ BY LEAVING a copy for each of the above-named resident(s) with a person of suitable age and discretion at the residence or usual place of business of the resident(s), said resident(s) being absent thereof; AND MAILING by first class mail on said date a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named resident(s) at their place of residence.

☒ BY POSTING a copy for each of the above-named resident(s) in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said resident(s); AND MAILING by first class mail on the same day as posted, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the resident(s) at the place where the property is situated.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed this _22_ day of _November_ (month), _23_ (year), in _Los Angeles_ (City), _CA_ (State).

_Diana Aguilar_
Name of Declarant (Print)

_____
(Signature of Declarant)

> EXHIBIT
> 3



*California Apartment Association Approved Form*
*www.caanet.org*
**Form CA-230** – Revised 4/22 - ©2022 – All Rights Reserved
Page 2 of 2


Unauthorized Reproduction of
Blank Forms is Illegal.

**CP10.5**

**NOTICE:** **EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*          TELEPHONE NO.: | *FOR COURT USE ONLY* |
| ATTORNEY FOR *(Name):* | |
| NAME OF COURT: | |
| STREET ADDRESS:  **111 NORTH HILL STREET** | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE:  **LOS ANGELES, CA 90012** | |
| BRANCH NAME:  LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT | |
| Plaintiff:  **4th and Main, LLC** | |
| Defendant:  **Travis D. Holifield** | |

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| **Complete this form only if ALL of these statements are true:** | *(To be completed by the process server)* |
| **1. You are NOT named in the accompanying Summons and Complaint.** | DATE OF SERVICE: |
| **2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)** | *(Date that form is served or delivered, posted, and mailed by the officer or process server)* |
| **3. You still occupy the subject premises.** | |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):*                                   , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $                      or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

**PREJUDGMENT CLAIM OF RIGHT
TO POSSESSION**

Code of Civil Procedure, §§ 415.46,
715.010, 715.020, 1174.25

CP10.5

| | |
|---|---|
| Plaintiff:    4th and Main, LLC<br>Defendant:    Travis D. Holifield | CASE NUMBER: |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE:  If you fail to file this claim, you will be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:
   a. ☐ an oral or written rental agreement with the landlord.
   b. ☐ an oral or written rental agreement with a person other than the landlord.
   c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:  Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____                ▶    _____
(TYPE OR PRINT NAME)                                                (SIGNATURE OF CLAIMANT)

> **NOTICE:**    If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

**- NOTICE TO OCCUPANTS -**

**YOU MUST ACT AT ONCE  if all the following are true:**
   **1. You are NOT named in the accompanying Summons and Complaint.**
   **2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
   **3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CEB
ceb.com    Essential Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791<br>Kimball, Tirey & St. John LLP<br>915 Wilshire Blvd, Suite 1650<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 337-0050    FAX NO. *(Optional):* (213) 337-0080<br>E-MAIL ADDRESS: LALTElectronicService@kts-law.com<br>ATTORNEY FOR *(Name):* Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/29/2023 10:17 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Ayala, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT

CASE NAME: 4th and Main, LLC v. Holifield

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 23STUD16778 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☒ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  1
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/19/2023

Chris Evans
(TYPE OR PRINT NAME)

▶ /s/Chris Evans
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| 4th and Main, LLC v. Holifield | 23STUD16778 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  2201   Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐  4601   Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/Property Damage/ Wrongful Death (23) | ☐  2301   Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐  2302   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐  2303   Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐  2304   Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐  2305   Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐  2306   Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

☒ CEB · Essential
ceb.com ╱ Forms

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3
Page 1 of 5

| SHORT TITLE | CASE NUMBER: |
|---|---|
| 4th and Main, LLC v. Holifield | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307    Construction Accidents | 1, 4 |
| | | ☐ 2308    Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401    Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402    Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501    Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502    Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ 0701    Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801    Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301    Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601    Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501    Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502    Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501    Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601    Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501    Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502    Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602    Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603    Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604    Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605    Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901    Collections Case - Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902    Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903    Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904    Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801    Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3
Page 2 of 5

CEB Essential Forms
ceb.com

| SHORT TITLE | CASE NUMBER |
|---|---|
| 4th and Main, LLC v. Holifield | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703  Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401  Eminent Domain/Condemnation<br><br>Number of Parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601  Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602  Quiet Title | 2, 6 |
| | | ☐ 2603  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101  Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☒ 3201  Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401  Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801  Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201  Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202  Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203  Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901  Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902  Administrative Hearing | 2, 8 |
| | | ☐ 3903  Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301  Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401  Asbestos Property Damage | 1, 11 |
| | | ☐ 0402  Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CEB Essential
ceb.com Forms

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3
Page 3 of 5

| SHORT TITLE | CASE NUMBER |
|---|---|
| 4th and Main, LLC v. Holifield | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

☐CEB ▪ Essential
ceb.com ⌐ Forms

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3
Page 4 of 5

| SHORT TITLE | CASE NUMBER |
|---|---|
| 4th and Main, LLC v. Holifield | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☒ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 334 S. Main Street #9605 County of Los Angeles |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90013 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the    CENTRAL District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 12/19/2023

/s/ Chris Evans _____

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or scheduled payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

🏛CEB  Essential
ceb.com |  Forms

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3
Page 5 of 5

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791 | | |

FIRM NAME: **Kimball, Tirey & St. John LLP**
STREET ADDRESS: **915 Wilshire Blvd, Suite 1650**
CITY: **Los Angeles**   STATE: **CA** ZIP CODE: **90017**
TELEPHONE NO.: **(213) 337-0050**   FAX NO.: **(213) 337-0080**
EMAIL ADDRESS: **LALTElectronicService@kts-law.com**
ATTORNEY FOR (name): **Plaintiff**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   **Los Angeles**
STREET ADDRESS: **111 NORTH HILL STREET**
MAILING ADDRESS:
CITY AND ZIP CODE: **LOS ANGELES, CA 90012**
BRANCH NAME: **LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT**

PLAINTIFF: **4th and Main, LLC**
DEFENDANT: **Travis D. Holifield**

*FOR COURT USE ONLY:*
**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 10:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

| PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER: 23STUD16778 |
|---|---|

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*

- *Serve this form and any attachments to it with the summons.*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF (name each):
   4th and Main, LLC

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):
   Travis D. Holifield

2. **Statutory cover sheet allegations (Code Civ. Proc., § 1179.01.5(c))**
   a. This action seeks possession of real property that is (check all that apply):  [X] Residential    [ ] Commercial
      (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges.  [X] Yes  [ ] No

3. **Item 3 has been removed as it only applied before July 1, 2022.**

THIS SPACE INTENTIONALLY LEFT BLANK

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. July 16, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

CEB Essential
ceb.com Forms

UD-101

| | | |
|---|---|---|
| PLAINTIFF: **4th and Main, LLC** | CASE NUMBER: | |
| DEFENDANT: **Travis D. Holifield** | | |

<table>
<tr><td>

THIS SPACE INTENTIONALLY LEFT BLANK

</td></tr>
</table>

4. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))
   a. (1) One or more defendants in this action is a natural person: ☒ Yes ☐ No
     (2) Identify any defendant not a natural person:
     *(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*
   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☐ Yes ☒ No
     (2) Identify any defendant who does not: **Travis D. Holifield**
     *(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5. ☐ **Unlawful detainer notice expired before March 1, 2020**
   The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
   The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*
   a. ☐ Defendant *(name each)*:

     was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*
   b. ☐ Defendant *(name each)*:

     was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).
     *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

     *(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

CEB Essential
ceb.com Forms

**UD-101**

| PLAINTIFF:   4th and Main, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT:   Travis D. Holifield | |

6. c.  Response to notice *(check all that apply):*

   (1) ☐ Defendant *(name each):*

   delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc.,
   § 1179.03(f).)

   (2) ☐ Defendant *(name each):*

   did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc.,
   § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time
   period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other
   financial obligations due during the transition time period.

   a. ☐ Defendant *(name each):*

   was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section
   1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

   b. ☐ Defendant *(name each):*

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned
   declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure
   section 1179.03(c) and (d).
      *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any
      declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*
      *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach
      a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

   c.  Response to notice *(check all that apply):*

   (1) ☐ Defendant *(name each):*

   delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc.,
   § 1179.03(f).)

   (2) ☐ Defendant *(name each):*

   did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc.,
   § 1179.03(f).)

   d. ☐ Rent or other financial obligations due:

   (1)  Rent or other financial obligations in the amount of $                              was due between September 1, 2020, and
        September 30, 2021.
   (2)  Payment of $                              for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you
   checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the
   landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This
   item addresses when and how those notices were provided.)*

   a.  **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent
   or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to
   defendants identified in 6a or as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*                              .
   (2) ☐ By personally handing a copy to each named defendant on *(date):*                              .

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

**UD-101**

| | |
|---|---|
| PLAINTIFF: **4th and Main, LLC** | CASE NUMBER: |
| DEFENDANT: **Travis D. Holifield** | |

8.  a.  (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b.  **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*                          .
(2) ☐ By personally handing a copy to each named defendant on *(date):*                          .
(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)
(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)
(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c.  **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*                          .
(2) ☐ By personally handing a copy to each named defendant on *(date):*                          .
(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.*)
(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.*)
(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9.  ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a.  ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b.  ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. (*Check a, b, or c.*)

a.  ☐ Defendant *(name each):*

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b.  ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

c.  ☐ The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

UD-101 [Rev. July 16, 2022]     **PLAINTIFF'S MANDATORY COVER SHEET AND**     Page 4 of 5
**SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

CEB Essential Forms
ceb.com

UD-101

| PLAINTIFF: | 4th and Main, LLC | CASE NUMBER: |
|---|---|---|
| DEFENDANT: | Travis D. Holifield | |

11. ☒ **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*)
The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☒ **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).*)

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  ☐ Yes  ☒ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint?  ☐ Yes  ☒ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  ☐ Yes  ☒ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint?  ☐ Yes  ☒ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: (*State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.*)  ☐ Other allegations are on form MC-025.

14. ☒ Number of pages attached (*specify*):  1

Date: 12/19/2023

Chris Evans              ▶ /s/Chris Evans

   (TYPE OR PRINT NAME)                (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership.*)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____      ▶ See Attachment

   (TYPE OR PRINT NAME)                  (SIGNATURE)

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

CEB | Essential
ceb.com | Forms

1

## <u>VERIFICATION</u>

2

3      I, <u>Diana Aguiar</u> ,declare that:

(Name)

4      That I am the Authorized Agent for the Plaintiff in this action, and am authorized to

5   make this Verification for and on its behalf.  I am making this Verification for the Plaintiff

6   because I am the person with the most personal knowledge of the facts contained in the

7   Complaint and Mandatory Cover Sheet and Supplemental Allegations.

8      I have read the contents of the foregoing Complaint and Mandatory Cover Sheet and

9   Supplemental Allegations and the same is true of my own knowledge, except as to those

10  matters stated on information and belief, and as to those, I believe them to be true.

11     I declare under penalty of perjury that the foregoing is true and correct.  Executed

12  <u>12/27/2023</u> , at <u>Los Angeles</u> California.

(Date)                    (City)

13

14

15

16                                            _____

Authorized Agent for Plaintiff    (Signature)

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd., Suite 1650, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _06/14/2024_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Benjamin Heston - bhestonecf@gmail.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _06/14/2024_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Debtor: Travis Davon Holifield - 334 S. Main Street #9605, Los Angeles, CA 90013
United States Trustee (LA) - 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017
Trustee: Carolyn A. Dye (TR) - 15030 Ventura Blvd., Suite 527, Sherman Oaks, CA 91403
Honorable Deborah J. Saltzman, 255 E. Temple Street, Suite 1634/Courtroom 1639, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _06/14/2024_ | _Melissa Jenkins_ | *Melissa Jenkins* |
| Date | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.