CAROLYN A. DYE, Trustee
15030 VENTURA BLVD. SUITE 527
SHERMAN OAKS, CA 91403
Telephone: (818) 287-7003

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>HOLIFIELD, TRAVIS DAVON<br><br><br>Debtor(s) | Case No.: 2:24-bk-14530-DS<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR [11 USC 341(a)] |

COUNSEL: BENJAMIN R HESTON
TO THE ABOVE NAMED DEBTOR(S):

    You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **August 06, 2024** at **10:00 AM** for Office of the U.S. Trustee and Trustee investigation. Please contact Trustee's office (trustee@cadye.com) to see if appearances or additional documents are required.

    Zoom video meeting. Go to Zoom.us/join, Enter **Meeting ID 393 921 9950**, and **Passcode 5143532788**, or call **1(213) 592-3167.**

    Please make sure that prior to your meeting you must have read the enclosed Information Sheet provided by the Office of the United States Trustee.


Dated:  July 18, 2024                                             /s/ CAROLYN A. DYE
                                                                                        CAROLYN A. DYE
                                                                                        Chapter 7 Trustee


    I certify that I served the within notice on the above debtor(s) and the debtor(s)' attorney, and interested parties on July 18, 2024.

                                                                                                 /s/ Karissa De La Trinidad
                                                                                                 Karissa De La Trinidad

## INFORMATION FOR THE SECTION 341 MEETING OF CREDITORS

### Preparing to Participate in the 341 Meeting Via Zoom

The debtor and other participants will need an electronic device (computer, laptop, tablet, or smartphone) with a microphone, camera, and Internet access to participate in the Zoom 341 meeting. https://www.justice.gov/ust/moc. Online tutorials for how to connect to a Zoom meeting are also available by searching "Joining a Zoom Meeting" in Google or other Internet search engines. If possible, the debtor should test their electronic device, Internet connection, and ability to connect to a Zoom meeting prior to attending the virtual 341 meeting.

### Joining the Zoom 341 Meeting

To join the 341 meeting by video, the debtor and other participants must go to Zoom.us/join and enter the Meeting ID and Passcode when prompted. The Meeting ID and Passcode are set out in section 7 of the Notice of Bankruptcy Case (Official Forms 309A, B, C, D, G, H, or I) that is mailed to the debtor and creditors after the filing of the bankruptcy case. This information also can be found at https://www.justice.gov/ust/moc. When prompted to enter a name, the debtor and other participants should enter their first and last name so each participant may be identified properly during the 341 meeting. More detailed instructions for joining a Zoom 341 meeting can be found at https://www.justice.gov/ust/moc. The debtor and other participants should join the 341 meeting 10 minutes before the scheduled start time.

### Setting for the Virtual 341 Meeting

All participants, but specifically the debtor who will be providing testimony, should connect to the 341 meeting from a quiet location, free from background noise, distractions, or disruptions, which is appropriate for their participation in a video meeting that is open to the public. Participants should mute their microphones on Zoom and on their devices until their case is called. Audio-only participants should avoid speaker phones unless two or more persons are appearing together from the same device.

The debtor and the debtor's attorney (if the debtor is represented) should ensure they can both view the video screen and be viewed by the trustee. To replicate an in-person 341 meeting, to provide the proper decorum, and to allow the trustee to perceive the interaction between the debtor and their attorney, the debtor and debtor's attorney should situate themselves so they both may be clearly viewed on the video screen.

### Zoom Connection Issues

If any party is disconnected before the 341 meeting is concluded, they should reconnect to the Zoom meeting using the same Zoom meeting login information or meeting link to be admitted

back into the 341 meeting. If they are unable to reconnect, they should contact the trustee after the meeting.

If the debtor fails to attend the virtual 341 meeting for any reason, including the inability to connect to the Zoom meeting, they should contact the trustee immediately. Failure by the debtor to attend or fully participate in their virtual 341 meeting will be treated in the same manner as a failure to attend an in-person 341 meeting and may result in dismissal of the debtor's case if further immediate action is not taken by the debtor to appear at their 341 meeting.

## Audio-Only Connection to 341 Meeting

The debtor and the debtor's attorney (if the debtor is represented) are expected to appear at the virtual 341 meeting by video. If the debtor appears telephonically, the trustee likely will reschedule the 341 meeting to ensure proper identification and safeguards are in place for their testimony. This may be called a continued or adjourned meeting. In this circumstance, the trustee will specify the manner in which the debtor should attend the continued 341 meeting.

Non-debtor participants who have no video access or who have trouble connecting by video may join the 341 meeting by audio-only without seeking approval by the trustee.

## Official Recording of the 341 Meeting

The trustee will make an audio recording of the 341 meeting which will constitute the official recording of the 341 meeting. All other recordings, including video or audio recordings of the 341 meeting, are prohibited. No one is permitted to photograph the debtor or any other person attending the virtual 341 meeting.

## FBI INVESTIGATION OF BANKRUPTCY CRIMES

All participants in the 341 meeting should be aware that federal law provides severe criminal penalties of up to five years imprisonment, a fine of not more than $250,000, or both, for bankruptcy crimes, which include bribery, concealment of assets, false statements, false claims, filing under a fictitious name, and perjury.

## Additional Information for Debtors

The debtor should follow specific identification procedures at virtual 341 meetings which include submitting copies of a photo identification and proof of social security number, if one exists, to the trustee in advance of the 341 meeting. If the debtor fails to provide these documents in advance, the trustee will likely adjourn and continue the 341 meeting. These procedures and requirements are discussed below under the section Requirements for Verifying Debtor Identification Documents.

**U.S. Department of Justice**
*Office of the United States Trustee*



*Bankruptcy Law is a federal law. This sheet provides you with general information about what happens in a bankruptcy case. The information here is not complete. You may need legal advice.*

## *When You File Bankruptcy*

You can choose the kind of bankruptcy that best meets your needs provided you meet certain qualifications):

**Chapter 7**: A trustee is appointed to take over your property. Any property of value will be sold or turned into money to pay your creditors. You may be able to keep some personal items and possibly real estate depending on the law of the State where you live and applicable federal laws.

**Chapter 11**: This is used mostly by businesses. In chapter 11, you may continue to operate your business, but your creditors and the court must approve a plan to repay your debts. There is no trustee unless the judge decides that one is necessary; if a trustee is appointed, the trustee takes control of your business and property.

**Chapter 12**: Like chapter 13, but it is only for family farmers and family fishermen.

**Chapter 13:** You can usually keep your property, but you must earn wages or have some other source of regular income and you must agree to pay part of your income to your creditors. The court must approve your repayment plan and your budget. A trustee is appointed and will collect the payments from you, pay your creditors, and make sure you live up to the terms of your repayment plan.

If you have already filed bankruptcy under chapter 7, you may be able to change your case to another chapter.

Your bankruptcy may be reported on your credit record for as long as ten years. It can affect your ability to receive credit in the future.

## *What is a Bankruptcy Discharge and how does it Operate?*

One of the reasons people file bankruptcy is to get a "discharge." A discharge is a court order which states that you do not have to pay most of your debts. Some debts cannot be discharged. For example, you cannot discharge debts for:

- most taxes;
- child support;
- alimony;

- most student loans;
- court fines and criminal restitution; and
- personal injury caused by driving drunk or under the influence of drugs.

The discharge only applies to debts that arose before the date you filed. Also, if the judge finds that you received money or property by fraud, that debt may not be discharged.

It is important to list all your property and debts in your bankruptcy schedules. If you do not list a debt, for example, it is possible the debt will not be discharged. The judge can also deny your discharge if you do something dishonest in connection with your bankruptcy case, such as destroy or hide property, falsify records, or lie, or if you disobey a court order.

You can only receive a chapter 7 discharge once every eight years. Other rules may apply if you previously received a discharge in a chapter 13 case. No one can make you pay a debt that has been discharged, but you can voluntarily pay any debt you wish to pay. You do not have to sign a reaffirmation agreement (see below) or any other kind of document to do this.

Revised 04/22/2014

Some creditors hold a secured claim (for example, the bank that holds the mortgage on your house or the loan company that has a lien on your car). You do not have to pay a secured claim if the debt is discharged, but the creditor can still take the property.

## *What is a Reaffirmation Agreement?*

Even if a debt can be discharged, you may have special reasons why you want to promise to pay it. For example, you may want to work out a plan with the bank to keep your car. To promise to pay that debt, you must sign and file a reaffirmation agreement with the court. Reaffirmation agreements are under special rules and are voluntary. They are not required by bankruptcy law or by any other law.

Reaffirmation agreements —

- must be voluntary;
- must not place too heavy a burden on you or your family;
- must be in your best interest; and
- can be canceled any time before the court issues your discharge or within 60 days after the agreement is filed with the court, whichever gives you the most time.

If you are an individual and you are not represented by an attorney, the court must hold a hearing to decide whether to approve the reaffirmation agreement. The agreement will not be legally binding until the court approves it.

If you reaffirm a debt and then fail to pay it, you owe the debt the same as though there was no bankruptcy. The debt will not be discharged and the creditor can take action to recover any property on which it has a lien or mortgage. The creditor can also take legal action to recover a judgment against you.

*If you want more information or have any questions about how the bankruptcy laws affect you, you may need legal advice. The trustee in your case is not responsible for giving you legal advice.*

**Office of the United States Trustee**

**District Offices**

**Los Angeles District Office**
915 Wilshire Blvd., Suite 1850
Meeting Rooms: Suite 1050
Los Angeles, CA 90017
(213) 894-6811

**Riverside District Office**
3801 University Avenue, Suite 720
Meeting Rooms: First Floor
Riverside, CA 92501-3255
(951) 276-6990

**Woodland Hills District Office**
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
(213) 894-6811

**Santa Ana District Office**
411 West Fourth Street, Suite 9041
Chapter 7 Meeting Rooms: 3rd Floor
Chapter 11/13 Meeting Rooms: 1st Floor
Santa Ana, CA 92701
(714) 338-3400

**Woodland Hills 341(a) Meeting Room Location**
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

**Santa Barbara 341(a) Meeting Room Location**
128 East Carrillo Street
Santa Barbara, CA 93101