1 | CAROLYN A. DYE (SBN 97527)
2 | 15030 Ventura Blvd.
  | Suite 527
  | Sherman Oaks, CA 91403
3 | Telephone: 818/287-7003
  | Facsimile: 323/987-5763
4 | Email: trustee@cadye.com

5 | Chapter 7 Trustee

6 |

7 | UNITED STATES BANKRUPTCY COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | LOS ANGELES DIVISION

10 |

11 | In re                          ) Case No. 2:24-bk-14530-DS
                                    )     [Chapter 7]
12 | TRAVIS DAVON HOLIFIELD,        )
                                    ) CHAPTER 7 TRUSTEE'S NOTICE OF
13 |            Debtor.             ) MOTION AND MOTION TO EXTEND
                                    ) DEADLINE TO OBJECT TO THE
14 |                                ) DEBTORS' DISCHARGE; MEMORANDUM
                                    ) OF POINTS AND AUTHORITIES;
15 |                                ) DECLARATION OF CAROLYN D. DYE
                                    ) IN SUPPORT THEREOF
16 |                                )
                                    ) Date: September 26, 2024
17 |                                ) Time: 1:00 p.m.
                                    ) Place: Courtroom 1639
18 |                                )        255 East Temple Street
    |_____)        Los Angeles, CA 90012
19 |

20 | TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY

21 | JUDGE, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:

22 |     PLEASE TAKE NOTICE that on September 26, 2024, at 1:00 p.m.

23 | a hearing will be held before the Honorable Deborah J. Saltzman,

24 | United States Bankruptcy Judge, in Courtroom 1639 of the United

25 | States Bankruptcy Court located at 255 East Temple Street, Los

26 | Angeles, CA 90012 to consider the Motion of Carolyn A. Dye,

27 | Chapter 7 Trustee ("Trustee") in the above-captioned case, for an

28 | Order Extending the Deadline to Object to the Debtors' Discharge.

This Motion is based on Federal Rule of Bankruptcy Procedure 4004(b) and 1017 and is made on the grounds that Debtor has failed to provide sufficient documents or information to enable the Trustee to ascertain if the Debtor has fully disclosed all his assets and details of transfers made, as set forth in greater detail below.

Trustee is loathe to file a complaint objecting to the Debtor's discharge before the facts are fully investigated, and therefore, seeks this extension.

The Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Carolyn A. Dye, and the Court's files in this Chapter 7 case.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule ("LBR") 9013-1(f) requires that any response or objection must be in writing, must be filed with the Clerk of the Bankruptcy Court, 255 Temple Street, Room 940, Los Angeles, CA 90012, at least fourteen (14) days before the hearing with a copy served on the Office of the United States Trustee at 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017, and Carolyn A. Dye, Chapter 7 Trustee 3435 Wilshire Blvd., Suite 990, Los Angeles, CA 90010.

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(h) any objection not timely filed and served may be deemed by the Court to be consent to the relief requested and may result in the Court's issuance of an order without further notice or hearing.

Date: August 29, 2024            _____
                                 Carolyn A. Dye, Chapter 7 Trustee

-2-

## MOTION

Carolyn A. Dye, solely in her capacity as Chapter 7 Trustee ("Trustee") for the estate of Travis Davon Holifield ("Debtor") hereby moves, pursuant to 11 U.S.C. §§ 704, 707, 727 and Federal Rules of Bankruptcy Procedure 4004(a) and 1017 to extend the time period in which to object to the entry of the Debtor's discharge.

## SUMMARY OF ARGUMENT

This case was originally filed as a Chapter 7 by the Debtor on June 7, 2024. On its surface, the 341(a) examination was non-controversial, with the Debtor making all the required statements under oath as to the documents filed with the Court being correct and complete and listing all the Debtor's property and debts.

The Office of the U.S. Trustee requested documents for its review Debtor's case and was provided a production, which triggered an additional request. Trustee has been included in the documents produced and has asked her own questions as follow ups to the review of the documents. In particular, there were disbursements made by the Debtor from a SBA loan and no explanation has been provided to allow Trustee to understand the use of these adequate proceeds. In particular, there are disbursements from the loan proceeds to a savings account (ending 3446) and no statements from that account have been provided. Additionally, there was a disbursement to a title company.

Specifically, of concern are the following:

SBA funds of $322,400 were deposited on 8/23/2021 Purchases:

  ) 11/1/2021 RK JEWELERS LU 10/30 #000501787 PURCHASE RK JEWELERS LUXUR TOWSON MD    $5,700.00
     12/15/2021 Counter Credit for $5,700
  ) 1/28/2022: Transfer to SAV 3446 $100,000

-3-

1 | **Passport Title Services LLC: Title Partner in Rockville, MD**
2 | Turn to **Passport Title Services LLC** in Rockville, MD, a trusted title partner for attorneys, title
3 | producers, and more.

4 | 02/24/22    WIRE TYPE:WIRE OUT DATE:220224 TIME:1502 ET TRN:2022022400461412 SERVICE    -101,911.97
  | REF:015486 BNF:PASSPORT TITLE SERVICE LLC ID:87843791 BNF BK: UNITED BANK
5 | ID:056004445 PMT DET:FRL2H6YT2 Goods

6  The transfer to the Title Company may be for the purchase of
7  a property acquired by him, according to the public records
8  showing a purchase of a property in Maryland at that same time
9  frame this property was not disclosed as owned. In addition, the
10 public records searched for this Debtor (via Westlaw), reveal
11 real estate transactions that suggest the debtor may own other
12 property in Maryland that he has not disclosed in his schedules.
13     If this is correct, then Debtor has made material misstate-
14 ments under oath and has failed to properly schedule his assets.
15 This will require additional investigation.
16     Trustee does not have any underlying title records or other
17 documentation to verify Debtor's ownership of real property at
18 her disposal at this time. This Motion is filed to obtain
19 additional time to obtain documentation relating any property
20 that the Debtor may have an ownership interest in.
21     Accordingly, and based on the detailed discussions below,
22 the Trustee respectfully requests that the Court grant this
23 Motion and extend the deadline to object to discharge as to the
24 United States Trustee, the Chapter 7 Trustee and all creditors.
25 ///
26 ///
27 ///
28 ///

# I

# RELEVANT FACTS

A. <u>Section 341(a) Meeting of Creditors and Deadline to Object to Discharge</u>.

The Debtor filed his Chapter 7 on June 6, 2024. The last day to file complaints to object to the Debtor's discharge is September 3, 2024.

On August 26, 2024, Trustee reviewed the most recent email reply from the Debtor's attorney and found it lacking. A further email request was made. In order to preserve the Trustee's and U.S. Trustee's rights to object to the discharge should that be necessary, Trustee has filed this Motion.

B. <u>Debtors' Assets</u>.

It is unclear to Trustee if the Debtor will ultimately have any assets to be administered by Trustee.

# II

# ARGUMENT

A. <u>Cause Exists to Warrant an Extension of the Deadline to Object to Discharge</u>.

Federal Rule of Bankruptcy Procedure ("Rule") 4004(a) limits the time for filing a complaint objecting to a debtor's discharge to no later than 60 days after the first date set for the 341(a) meeting. Fed. R. Bankr. P. 4004. Rule 4004(b) also permits a court, for cause, to extend this deadline on a motion brought by a party-in-interest before the time has expired. Fed. R. Bankr. P. 4004(b).

///
///

-5-

"Cause" is shown here by the incomplete disclosures of the ownership interest in any real property and inadequate documentation. An extension of the Discharge Deadline is necessary at this point as the Trustee does not want to unnecessarily file a complaint herself (to preserve the statute) but believes that a further opportunity should be given to her for considering whether this is what should be done.

In addition, this case is being investigated by the U.S. Trustee's Office and they should be given an opportunity to consider whether they should file a complaint to discharge.

### III

### CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court extend the Discharge Deadline as to the United States Trustee, the Chapter 7 Trustee and all creditors for a period of approximately sixty (60) days from the original September 3, 2024 date to November 4, 2024.

Dated: August 29, 2024

_____
Carolyn A. Dye, Chapter 7 Trustee

**DECLARATION OF CAROLYN A. DYE**

I, Carolyn A. Dye, declare:

1. I am an attorney duly admitted to practice law in the State of California and before this Court. I have personal knowledge of the facts described below and if called as a witness I could and would competently testify thereto.

2. I am the Chapter 7 Trustee for the estate ("Estate") of Travis Davon Holifield ("Debtor"), Case No. 2:24-bk-14530-DS.

3. I am familiar with the Debtor's bankruptcy proceeding and make this Declaration in support of my Motion to Extend the Deadline to Object to Discharge (the "Motion"). I have prepared and I am, therefore, aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities. The facts stated in the Motion and the Points and Authorities are true to the best of my knowledge.

4. The Debtor's case was filed on June 7, 2024, as a partial filing with additional schedules filed on June 21, 2024. The last day to file complaints objecting to discharge is September 3, 2024.

5. The 341(a) on July 2, 2024 was non-controversial, with the Debtor making all the required statements under oath as to the documents filed with the Court. He listed certain real estate located in Maryland but took the position that he did not own any interest in those properties. The U.S. Trustee was, however, investigating this case and requested additional documents and I continued the 341(a) to enable compliance with those documents requested.

///

-7-

6. I am currently investigating the existence of ownership of real property by the Debtor and the use of the SBA loan proceeds. I need time to evaluate my position and possible actions to be brought.

7. As detailed in the Motion, the omission of ownership and the possibly false testimony are potentially material omissions and misstatements. If proven, these would provide a basis for objection to discharge.

8. This Motion is filed to obtain additional time to obtain documentation regarding ownership interest in real property and the use of the SBA loan proceeds. Also, Trustee wishes to see if any other interested party will file such a complaint and to determine if there are any assets for the estate to administer.

9. I am seeking a 60 day extension from the original expiration date under this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 29th day of August 2024 at Los Angeles, California.

Carolyn A. Dye, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 15030 Ventura Blvd., Suite 527, Sherman Oaks, California 91403.

A true and correct copy of the foregoing document entitled Chapter 7 Trustee's Notice of Motion and Motion to Extend Deadline to Object to Debtors Discharge; Memorandum of Points and Authorities; Declaration of Carolyn A. Dye in Support Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 29, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Agop Gary Arakelian | gary.arakelian@kts-law.com |
| Jonathan Arias | jarias@zwickerpc.com |
| Carolyn A Dye (TR) | trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com |
| Dane W Exnowski | dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Benjamin Heston | bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:** On August 29, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
The Honorable Deborah J. Saltzman
United States Bankruptcy Judge
255 E. Temple Street
Suite 1634
Los Angeles, CA 90012

■ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY - N/A:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2024, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 29, 2024    /s/ Karissa De La Trinidad
                          Karissa De La Trinidad

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1. PROOF OF SERVICE

```
Label Matrix for local noticing          4th and 5th Main, LLC                    American Express National Bank, c/o Zwicker
0973-2                                   Kimball Tirey & St. John LLP             80 Minuteman Road
Case 2:24-bk-14530-DS                    915 Wilshire Boulevard, Suite 1650       P.O. Box 9043
Central District of California           Los Angeles, CA 90017-2658               Andover, MA 01810-0943
Los Angeles
Thu Aug 29 09:05:51 PDT 2024

Los Angeles Division                     American Express                         Bank of America
255 East Temple Street,                  PO Box 981537                            PO Box 15796
Los Angeles, CA 90012-3332               El Paso, TX 79998-1537                   Wilmington, DE 19886-5796


CAPITAL ONE                              (p)JPMORGAN CHASE BANK N A               (p)CARRINGTON MORTGAGE SERVICE LLC
PO Box 31293                             BANKRUPTCY MAIL INTAKE TEAM              1600 S DOUGLAS RD SUITE 110
Salt Lake City, UT 84131-0293            700 KANSAS LANE FLOOR 01                 ANAHEIM CA 92806-5951
                                         MONROE LA 71203-4774


Citibank                                 DISCOVER BANK                            Flagstar Bank
5800 S Corporate Pl                      PO BOX 30939                             5151 Corporate Dr
Sioux Falls, SD 57108-5027               SALT LAKE CITY, UT 84130-0939            Troy, MI 48098-2639


Fourth & Main LLC                        Internal Revenue Service                 MECU Credit Union
c/o Kimball, Tirey, & St John            Centralized Insolvency Operation         1 South St
915 Wilshire Blvd Ste 1650               PO Box 7346                              Baltimore, MD 21202-3481
Los Angeles, CA 90017-2658               Philadelphia PA 19101-7346


NAVY FEDERAL CREDIT UNION                Nordstrom Card Services                  One Corporate Center
PO Box 3000                              PO Box 100135                            10451 Mill Run Cir
Merrifield, VA 22119-3000                Columbia, SC 29202-3135                  Owings Mills, MD 21117-5577


PenFed Credit Union                      (p)U S SMALL BUSINESS ADMINISTRATION     Synchrony
Po Box 247080                            312 N SPRING ST 5TH FLOOR                PO Box 965060
Omaha, NE 68124-7080                     LOS ANGELES CA 90012-4701                Orlando, FL 32896-5060


United States Trustee (LA)               Wells Fargo Card Services                Benjamin Heston
915 Wilshire Blvd, Suite 1850            PO Box 51193                             Nexus Bankruptcy
Los Angeles, CA 90017-3560               Los Angeles, CA 90051-5493               3090 Bristol Street #400
                                                                                  Costa Mesa, CA 92626-3063


Carolyn A Dye (TR)                       Travis Davon Holifield
Law Offices of Carolyn Dye               334 S Main St Apt 9605
15030 Ventura Blvd., Suite 527           Los Angeles, CA 90013-1368
Sherman Oaks, CA 91403-5470
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CHASE CARD SERVICES<br>PO Box 15298<br>Wilmington, DE 19850-5298 | Carrington Mortgage Services<br>1600 South Douglass Road<br>Anaheim, CA 92806 | Small Business Administration<br>Office of General Counsel<br>312 N Spring St Fl 5<br>Los Angeles, CA 90012-4701 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients   25
Bypassed recipients    1
Total                 26